[L. A. No. 1609.    Department One.—June 19, 1907.]

## BEAUCHAMP H. SMITH, Respondent, v. PELTON WATER WHEEL COMPANY, Appellant.

PLACE OF TRIAL—ACTION BROUGHT IN WRONG COUNTY—TIME TO DE-
MAND CHANGE.—If a defendant desires a change of the place of
trial on the ground that the action is brought in the wrong county
he ought to move for, or at least demand, a transfer on his first
appearance in the cause.    And if it is made afterwards the appli-
cant must explain any seeming lack of diligence on his part.

ID.—DENIAL OF CHANGE—SUBSEQUENT MOTION—LACK OF DILIGENCE.—
Where a corporation defendant at the time of its appearance pre-
sents a demand and notice of motion for a change of the place
of trial on the ground that the county in which the action was
brought was not the proper county, and accompanies it with
affidavits by one of its officers, and such motion is denied, a subse-
quent motion for such change, made about seven months after-
wards, on the same ground and based upon the original demand and
additional affidavits, should be decided upon the conditions as they
existed at that time, and not upon the conditions existing at the
time of the original demand.    And where the affidavits used on
the subsequent motion, although showing the defendant to have
been entitled to the change at the time of the original demand, state
no facts that should not have then been known to the defendant's
officers, it will be presumed on appeal, in support of an order refusing
the subsequent motion, that it was denied because of the lack of
diligence displayed by the defendant in prosecuting it.

APPEAL from an order of the Superior Court of Los
Angeles County denying a motion for a change of the place
of trial.    M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Rigby & Rigby, and G. C. De Garmo, for Appellant.

J. F. Conroy, for Respondent.

SHAW, J.—Appeal from an order denying a motion for
change of venue.    After the taking of the appeal William T.
McArthur was substituted as plaintiff.

The order appealed from was made on March 4, 1904.    The
action was begun in July, 1903.    On August 4, 1903, the de-

fendant appeared and filed a demurrer to the complaint, accompanied by a demand and notice of motion for a change of place of trial, and two affidavits of Edward L. Brayton, vice-president of the defendant. The ground of the motion, as stated, was that the county of Los Angeles was not the proper county for the trial of the cause, inasmuch as the plaintiff was a corporation organized under the laws of this state, and its place of business and residence was the city and county of San Francisco. This motion was denied without prejudice on November 9, 1903.

On November 16, 1903, the defendant filed a second notice of motion for the change of venue, based on the prior demand and affidavits, and also on the affidavit of David Donzel, secretary of the corporation, additional thereto. The grounds of this motion were the same as before, with the addition that the contracts sued on were neither made in the county of Los Angeles, nor to be performed there, and that the obligation did not arise, nor the breach thereof occur, in that county. This motion was duly presented on briefs on November 20, 1903, and was denied by the court on December 23, 1903.

On January 15, 1904, the demurrer to the complaint was submitted to the court for decision, and on January 25, 1904, the court made an order overruling the demurrer and allowing the defendant ten days within which to answer. This time to answer was afterward extended by the court on the defendant's application.

Before the time to answer, as extended, had expired, the defendant filed a notice of motion for leave to renew the former motion for change of venue. This notice stated that the motion was to be based on the affidavits before filed, on two other affidavits by the same parties, and upon the former demand and the papers on file in the case. The ground of the motion for leave to renew was that the former motion had never been heard upon the merits. The notice also stated that the motion for change of venue would be made upon certain grounds set forth at length therein, which were in substance the same as set forth in the notice of November 16, 1903. The new affidavits of Brayton and Donzel stated no additional facts in support of the motion for leave to renew, nor did they contain any new matter relating to the grounds of the application for a change of venue. They merely stated

with greater detail the facts set forth in the former affidavits. The record shows that the motion to change the venue had been previously heard upon the merits. The motion for leave came on for hearing on March 4, 1904, and it was granted, whereupon the motion for change of venue was again presented and forthwith denied.

It was the duty of the court, upon the last presentation of the application for change of venue, to consider and decide it upon the conditions as they existed at that time, and not upon the conditions existing at the time of the original demand. The demand was filed in August, 1903. Two attempts were afterwards made to present the motion upon the merits. No reasons were apparent why it could not have been done as well at either of those times as upon the latter hearing, and at the second hearing the same facts were shown as upon the last hearing. There is nothing to show that all the facts bearing upon the application were not as well known to the vice-president and secretary of the corporation defendant at the time of the demand as they were on March 4, 1904. In the mean time the motion had been twice denied, the demurrer to the complaint had been overruled, time had been allowed the defendant to answer the complaint, and at its request this time had been extended. Under these circumstances it was a matter resting in the sound discretion of the court whether to grant the motion or refuse it, conceding as we do for the purposes of this case that the court could again entertain such a motion after it had been once decided. In *Cook* v. *Pendergast*, 61 Cal. 79, the court says: "It has always been held that such motions, being dilatory, must be prosecuted with diligence." And further: "If he (the defendant) relies on the fact that the action is brought in the wrong county, he ought to move for, or at least demand, a transfer on his first appearance in the cause" (p. 79). The rule is uniform that an application for a change of venue on this ground should be made at the earliest opportunity. (4 Ency. of Plead. & Prac., p. 421; *Pearkes* v. *Freer,* 9 Cal. 642; *Jones* v. *Frost,* 28 Cal. 246.) And if it is made afterwards the applicant must "explain any seeming lack of diligence on his part." (4 Ency. of Plead. & Prac., p. 422.) If we concede, therefore, that the court might have granted the motion at the time it was last presented, it must be also conceded that the

CLI Cal.—26

court had the power in its discretion to refuse it because of the lack of diligence displayed by the defendant in prosecuting it. If the defendant, as it claims, had the right to a change of venue to San Francisco at the time the demand was made, and if this right was shown by the affidavits produced upon the last hearing, we must presume, in view of the decision of the lower court, that it was of the opinion that the right had been lost by laches and that it denied the motion upon that ground.

The order appealed from is affirmed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank, and filed the following opinion on the twenty-third day of July, 1907:—

BEATTY, C. J.—I dissent from the order denying a rehearing and from the judgment. I entertain no doubt that the superior court had power to allow the motion to be renewed, and the fact that it did allow it to be renewed excludes the presumption that it was denied upon the ground of laches. It seems much more probable, in view of all the circumstances, that it was allowed for the purpose of enabling the defendant to make a full presentation of the merits of its demand in case of an appeal. The motion was denied in the first instance without prejudice, and was promptly renewed. It was again denied, as the record shows, for reasons stated in a written opinion. That opinion is not set out in the bill of exceptions, but is quoted in appellant's brief. It shows that the motion was denied for the sole reason that defendant's affidavits did not contain a specific denial of the allegation in the complaint that the contract price was made payable "whenever and wherever demanded." The application for leave to renew the motion was based upon the ground that it had not been heard upon its merits, and was supported by affidavits denying in terms the allegation as to the time and place of payment. No counter-affidavits were filed in support of the complaint (which in this particular could be

held to state merely a legal conclusion) and if the allegation of the complaint was true in fact, as contradistinguished from a legal conclusion, the plaintiff was called upon to show by affidavit that the contract contained those express terms—a conclusion that did not necessarily follow from the allegation in the complaint. If this view is correct, the only ground upon which the motion could be denied was disproved, and the order of the court can be sustained only upon the supposition that the defendant was held guilty of laches. But there were no laches unless injury had resulted to the plaintiff or would result from the delay, and there was neither showing nor suggestion of any possible injury.

A serious consequence of the ruling denying defendant's motion is that, owing to the mistake of counsel in supposing that their appeal would stay proceedings in the action, a default judgment was taken, and all opportunity of presenting the meritorious defense alleged has been cut off. (See opinion affirming default judgment.)

I cannot regard with favor technical rulings upon questions of procedure which result in condemning a party without a hearing, even when they are imperatively required by the terms of some law. In this case I think the ruling—so far from being necessary—was erroneous.