[S. F. No. 9252. In Bank.—November 17, 1920.]

## FRED B. HART, Respondent, v. J. W. FORGEUS, Appellant.

[1] PLEADING — PLACE OF TRIAL — FILING OF MOVING PAPERS — PAYMENT OF CALENDAR FEE.—Where a demurrer to a complaint, a demand for change of place of trial, and an affidavit of merits, together with a notice of motion for change of place of trial, were mailed to a county clerk accompanied by a check sufficient in amount to entitle them to be filed, but did not include the calendar fee, the papers in the matter of the change of place of trial, with the possible exception of the notice of motion, should be regarded as having been filed when received by the clerk, although such officer withheld filing of all the papers but the demurrer.

[2] APPEAL—ORDER REFUSING CHANGE OF PLACE OF TRIAL—GENERAL TERMS—PRESUMPTION—LACK OF DILIGENCE.—Where an order refusing to change the place of trial of an action to the residence of the defendant is general and fails to indicate any particular ground on which the court based its conclusion, the appellate court must assume in support of the order that the trial court concluded that defendant did not act with due diligence in making the motion.

[3] ID.—DILIGENCE IN MAKING MOTION.—Motions for change of place of trial, being dilatory, must be prosecuted with diligence, and a defendant may not safely rest upon his affidavit of merits and demand filed at the time he answers or demurs, but is bound at the peril of being held to have waived his right to proceed diligently in the matter of bringing the application to the attention of the court.

[4] ID.—ORDER REFUSING CHANGE OF PLACE OF TRIAL—UNDUE DELAY IN PRESENTING MOTION—DISCRETION NOT ABUSED.—An order refusing to change the place of trial of an action to the residence of the defendant cannot be said to be an abuse of discretion, where nothing was done by defendant in the matter of bringing his application by motion to the attention of the court between the time when he was fully advised that the moving papers were being withheld for nonpayment of the calendar fee and the time of payment of such fee, a period of over two months, and no explanation given of the delay.

[5] ID.—SUFFICIENCY OF AFFIDAVIT OF MERITS.—An affidavit of merits on motion for change of place of trial of an action to the residence of the defendant, stating that the defendant had stated all of the facts in the action to one of his attorneys, is sufficient.

APPEAL from an order of the Superior Court of Alameda County refusing to change place of trial. E. R. Robinson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Goldman & Altman and C. H. Sooy for Appellant.

John J. Allen and Fred B. Hart for Respondent.

ANGELLOTTI, C. J.—This is an appeal by defendant from an order of the superior court refusing to change the place of trial of the action from the superior court of Alameda County to that of Santa Cruz County.

The action is one for the recovery of money. It was commenced in Alameda County on February 28, 1919, and on March 11th defendant, who was a resident of Santa Cruz County, was personally served in the city and county of San Francisco. On March 26, 1919, defendant's attorneys, whose offices were in San Francisco, sent by mail to the county clerk of Alameda County, having first served the same, a demurrer to the complaint, a demand in writing that the trial he had in the proper county, and an affidavit of merits, etc., together with a notice of motion to be made April 4, 1919, for change of place of trial. These papers were accompanied by a check for three dollars, which was sufficient in amount to entitle them to be filed, but did not include a calendar fee of two dollars. The papers were received by the clerk on March 27, 1919, and he filed the demurrer, but

failed to file the other papers because of the failure of the defendant to forward the claimed fee of two dollars for placing the motion on the calendar, retaining such papers in his custody.     He forthwith transmitted to defendant's attorneys his receipt for three dollars, and advised them in writing that there was a fee of two dollars ·due for placing motion for change of venue on the calendar.     The motion was not placed on the calendar for April 4, 1919, and was not called. Nothing further was done in the matter until June 12, 1919, when defendant paid the calendar fee, and the papers were then marked filed and the matter was put on the motion calendar for June 20, 1919.     On or about June 16, 1919, defendant's attorneys notified plaintiff's attorneys that the motion would be on the calendar on June 20, 1919.     It was brought on for hearing on the last-named day, and on August 8, 1919, was denied, the order of denial being general and not indicating the particular ground or grounds on which the court based its conclusion.

[1]     We think the papers in the matter of the change of place of trial, with the possible exception of the notice of motion, should be regarded as having been filed when received by the clerk, for, accompanied by the requisite fee for such filing, it was his official duty to then file them.     The only objections to the granting of the motion that appear to us to present any debatable question are, first, that the moving party did not act with due diligence in making his motion, and, second, that the affidavit of merits was defective.

Regardless of any conclusion we might reach upon the second of these objections, we are of the opinion that the order of the superior court must be sustained upon the first. [2]     In accord with the well-settled rule, we must assume in support of the order that the superior court concluded that defendant did not act with due diligence in making his motion and that the motion should be denied for that reason. [3]     We cannot say that there was any abuse of discretion on the part of the superior court in so disposing of the matter.     Nothing whatever was done by defendant in the matter of bringing his application by motion to the attention of the court between the time when he was fully advised that it would not be heard upon his first notice, some time prior to April 4, 1919, and June 12, 1919, when he paid the calendar fee, following this June 16, 1919, with his notice that the

motion would be made June 20, 1919. No explanation whatever of the delay was attempted. **[4]** Under these circumstances the matter appears to be controlled by what has been said in former decisions of this court. "It has always been held that such motions, being dilatory, must be prosecuted with diligence" (*Cook* v. *Pendergast,* 61 Cal. 72, 79), and a defendant may not safely rest upon his affidavit of merits and demand filed at the time he answers or demurs. He is bound, at the peril of being held to have waived his right in the matter of change of place of trial, to proceed diligently in the matter of bringing this application to the attention of the court. In *Smith* v. *Pelton Water Wheel Co.,* 151 Cal. 399, [90 Pac. 932, 1135], this court, after quoting from *Cook* v. *Pendergast, supra,* as above set forth, said: "The rule is uniform that an application for a change of venue on this ground should be made at the earliest opportunity [citing cases]. And if it is made afterward the applicant must explain 'any seeming lack of diligence on his part.' " In *Smith* v. *Pelton Water Wheel Co., supra,* it was held that while upon the facts the court might have, in its discretion, granted the motion, it "had the power in its discretion to refuse it because of the lack of diligence displayed by the defendant in prosecuting it," and that it must be presumed, "in view of the decision of the lower court, that it was of the opinion that the right had been lost by laches and that it denied the motion upon that ground." In *Pascoe* v. *Baker,* 158 Cal. 232, [110 Pac. 815], the rule of diligence was again recognized. The delay there, as here, was for a few days over two months and the trial court granted the motion. This court said the matter of undue delay was for the trial court upon the facts of the particular case, and that it could not be held there was an abuse of discretion in holding that there had not been a lack of diligence. In this case the trial court held the other way, but, as in that case, we do not see how we may fairly hold that there was any abuse of the discretion committed to the trial court. Clearly, defendant did not move as promptly as he could have done, and, as we have already said, there was no explanation whatever of the delay in bringing the matter to the attention of the trial court.

**[5]** This case was ordered heard in this court after decision by the district court of appeal of the first appellate district because of our doubt of the correctness of the opinion

with regard to the question of the sufficiency of the affidavit of merits. The affidavit was held fatally defective in that it failed to state that the defendant had *"fully and fairly stated the facts of the case"* to his counsel. It did say that "he has stated all of the facts in the above-entitled action to" one of his attorneys, naming him. While we have said that such an affidavit "must show that the defendant has fully and fairly stated the facts of the case to his counsel" (*Nickerson* v. *California Raisin Co.*, 61 Cal. 268), this was said with reference to an affidavit which stated that defendant "has fully and fairly stated the said defendant's defense in this action," etc., instead of the facts *in the case.* Of course, the statement by a defendant of the facts of the case to his counsel, as he understands those facts to be, should be full and fair, but it seems to us that when he says that "he has stated all of the facts" of the case to his counsel, he necessarily implies a full and fair statement according to his conception of the case. This objection appears to us to be wanting in substantial merit. But for the reason previously discussed, the order must be affirmed.

The order appealed from is affirmed.

Olney, J., Shaw, J., Sloane, J., Wilbur, J., Lennon, J., and Lawlor, J., concurred.