[Civ. No. 1422. Fourth Appellate District.—January 26, 1934.]

WALTER C. DAVISON et al., as Trustees, etc., Respondents, v. I. H. GENTRY et al., Defendants; P. B. GENTRY et al., Appellants.

Raymond J. Kirkpatrick for Appellants.

Walter C. Davison and Sarau & Thompson for Respondents.

JENNINGS, J.—On July 12, 1932, the plaintiffs instituted this action to recover from the defendants the sum of $2,100 representing the principal amount of a certain promissory note alleged to have been executed by four of said defendants. On August 15, 1932, the defendants P. B. Gentry and Ruth Powell filed a demurrer to the complaint, a demand for a change of venue, an affidavit of merits, and a notice of motion for a change of the place of trial. The notice specified that the motion would be heard on August 26, 1932. The demand for change of venue stated that the defendants therein named were residents of the county of Los Angeles and they therefore demanded that the action be removed to said county of Los Angeles for trial. On August 25, 1932, counsel for the moving defendants learned that the court was on vacation and would not be in session on August 26, 1932, and that the day of the week appointed for the hearing of motions by the rules of court was Monday. A second notice of motion for change of place of trial was accordingly filed on September 13, 1932. This notice stated that the motion for change of venue "heretofore set for the 26th day of August, 1932, has been continued to and will

be heard on Monday, the 19th day of September, 1932''. On the last-mentioned date counsel for plaintiffs objected to the hearing of the motion on the ground that sufficient notice of the hearing to fulfill the requirements of section 1005 of the Code of Civil Procedure had not been given. In support of the objection counsel presented his affidavit, which alleged that on September 13, 1932, he had received through the mail a notice of the hearing of the motion, that the envelope containing the notice was postmarked showing that it was mailed at Long Beach, California, on September 12, 1932; that the distance between Long Beach and Riverside, the city wherein the court was held is not less than fifty-five miles by the nearest traveled route; that no notice of the hearing other than that which was sent by mail had been served upon affiant. The court sustained the objection thus presented to the hearing of the motion and it was stricken from the calendar. Thereafter, counsel for the moving defendants served by mail upon counsel for plaintiffs a notice stating that the motion for change of place of trial had been set for hearing and would be heard on Monday, October 31, 1932. This notice was dated October 4, 1932, and the affidavit of service alleged that it was mailed at Long Beach on October 4, 1932, in an envelope addressed to counsel for plaintiffs at Riverside. On October 31, 1932, the motion was presented to the court and was denied. From the court's order denying the motion for change of place of trial, this appeal has been prosecuted.

The appellants contend that they were entitled to a change of venue as a matter of law on their showing that they were residents of Los Angeles County; that the record shows that they exercised due diligence in bringing their application for a change of the place of trial to the court's attention; that the delay in presenting the motion to the court was satisfactorily explained; that respondents were estopped to urge the delay in bringing the application to the court's attention as a defense to the motion and had waived such defense; that the trial court erred in denying the motion for change of venue.

The single question presented upon this appeal is whether or not the trial court abused the discretion reposed in it in denying the motion for a change of the place of trial upon the showing made before it as indicated by the record.

Respondents do not deny that, on the showing of residence, appellants were entitled as a matter of law to a removal of the cause for trial if they had used due diligence in bringing their application to the court's attention.

The record fails to indicate the grounds upon which the court's denial of the motion was based. We must therefore assume, in support of the order denying the motion, that the court concluded that appellants had not acted with due diligence in making the motion and that it should be denied for this reason. (*Hart* v. *Forgeus*, 184 Cal. 327, 329 [193 Pac. 764].) The question of diligence in presenting an application for a change of venue is a matter that is confided to the discretion of the trial court and it is incumbent upon appellants to show that the court abused its discretion. (*Pascoe* v. *Baker*, 158 Cal. 232 [110 Pac. 815].) Since the record shows that there was a delay of two and one-half months in bringing the application for a removal of the cause to the court's attention, we cannot declare that the court abused its discretion in denying the application for lack of diligence unless it appears that there was presented to the court a satisfactory explanation for the delay. (*Hart* v. *Forgeus, supra.*) It is settled that a motion for change of venue being dilatory in character must be diligently prosecuted. (*Cook* v. *Pendergast*, 61 Cal. 72, 79.)

 Appellants contend that the delay in bringing the matter to the court's attention was satisfactorily explained by the following facts which were made to appear at the time the application was considered: Appellants moved promptly in making the application on August 15, 1932, and in giving notice that the motion would be heard on August 26, 1932; the facts that the Superior Court of Riverside County hears motions only on Mondays and that the court was on vacation on August 26, 1932, were facts of which appellants had no knowledge; the motion was not heard on September 19, 1932, because counsel for appellants was mistaken in his estimate of the distance between Long Beach and Riverside, for which reason he failed to mail the notice in sufficient time to meet the requirements of section 1005 of the Code of Civil Procedure; upon the sustaining of the objection to the hearing of the motion on September 19, 1932, on the ground of insufficient notice, counsel for

appellants moved the court to shorten the time so that the motion might be heard at 2 P. M. of September 19, 1932, and in making the application for prescribing a shorter time counsel stated that his reason for desiring the matter to be heard on that day was because he had matters set for hearing in other courts which would require his attendance in such courts on each Monday until October 31, 1932; that before leaving the courtroom on September 19, 1932, counsel for appellants secured from the clerk of the court a new date for hearing the motion for change of venue and that this new date was the first date subsequent to September 19, 1932, that was acceptable both to court and counsel; that subsequent to September 19, 1932, counsel for appellants was engaged on matters previously calendared in other courts on each Monday until October 31, 1932.

We find ourselves impelled to observe that the above-narrated facts do not so clearly and satisfactorily explain the delay of two and one-half months that intervened between the filing of the demand for change of place of trial and the hearing of the application therefor, that we must declare that the trial court abused its discretion in denying the motion for lack of diligence in its prosecution. In the first place, counsel for appellants whose office is in Long Beach, California, does not strengthen his excuse for the obvious delay by admitting that he so misjudged the distance between Long Beach and Riverside that he failed to give a notice sufficient to meet the requirements of section 1005 of the Code of Civil Procedure. More important than this miscalculation, however, is the failure to disclose why, if counsel for appellants was so busily engaged with other matters on each Monday subsequent to September 19, 1932, until October 31, 1932, some other counsel could not have been secured to present the not too difficult motion for change of venue supported as it was by the affidavits of appellants to the effect that they were residents of a county other than that in which the action was filed. In the absence of any showing that, under the circumstances presented, some other counsel could not have been secured to bring the matter sooner to the court's attention, we cannot declare that satisfactory excuse for the obvious delay has been shown and that the trial court abused its discretion in denying the application for lack of diligence.

Appellants further contend that respondents, by reason of the conduct of their counsel, must be held to have waived the delay in prosecuting the motion for change of venue and that they were estopped from urging it in opposition to the motion. The following acts are said to constitute waiver and estoppel on the part of counsel for respondents: On July 29th, counsel for appellants mailed a letter to counsel for respondents inclosing therewith a stipulation providing that the place of trial of the action might be changed to Los Angeles County, to which letter counsel for respondents did not reply until August 9, 1932. Counsel for respondents made no objection to the continuance of the hearing of the motion from August 26, 1932, to September 19, 1932. Although counsel for respondents admitted that on September 13, 1932, he received a notice of the hearing of the motion set for September 19, 1932, he made no objection to the hearing until the motion was called on September 19, 1932. Counsel for respondents objected to the motion of counsel for appellants that the time of giving notice be shortened so that the motion might be heard at 2 P. M. of September 19, 1932. Counsel for respondents acquiesced in the setting of the hearing of the motion for October 31, 1932, by failing to object to the proposed date which was fixed by the clerk of the court in the presence of the court and counsel for the respective parties. Counsel for respondents, at no time, requested an earlier hearing of the motion for change of venue.

The bare recital of the above facts would seem to convey a sufficient answer to the contention that they constituted a waiver of the defense of lack of diligence or that thereby respondents became estopped to rely upon such defense.

In the first place, counsel for respondents was under no duty to reply to the letter of July 29, 1932, with which was inclosed a stipulation providing that the place of trial might be changed. It is, however, shown by the record that he did reply to the letter on August 9, 1932, and that his reply contained the following very pertinent statement: ''Answering your favor of the 29th ultimo, beg to advise that according to information furnished the plaintiffs the defendant, P. B. Gentry, has no good or valid defense. The only stipulation we would be willing to enter into would be one whereby the defendant P. B. Gentry would stipulate

through his guardian that judgment be entered against him as demanded in the Complaint." The foregoing language should have been sufficient to advise appellants' counsel that any effort to change the place of trial or to present any defense to the action would be opposed and contested by respondents.

With respect to the statement that although counsel for respondents admitted that on September 13, 1932, he received the notice that the motion would be heard on September 19, 1932, he nevertheless made no objection to the hearing until the motion was called, it may be observed, first, that he was under no duty to make an earlier objection; second, that counsel for appellants was apprised by the letter of August 9, 1932, that any move other than a confession of judgment would meet with opposition; third, the record shows that, in a telephone conversation which took place between counsel on August 25, 1932, counsel for appellants stated that he would present the motion on September 19, 1932, to which counsel for respondents replied that he did not agree and was not stipulating that the motion might be heard on the date suggested but that he would be present on said date to resist any action that might be taken by counsel for appellants in support of his effort to secure a change of venue. This last-mentioned information was sufficient to advise counsel for appellants that the motion for change of venue would be contested and entirely negatives any possibility that opposing counsel was acquiescing in the selection of the suggested date for the hearing of the motion or that, by failing to object to the hearing of the motion prior to the date specified in the notice of motion, he misled appellants' counsel to his prejudice and thereby became estopped from urging the objection of insufficiency of notice.

The objection to the application by appellants' counsel for an order shortening time is likewise a circumstance which entirely fails to indicate waiver or estoppel. Section 1005 of the Code of Civil Procedure provides that the court "may prescribe a shorter time" for giving notice of the hearing of a motion. The language of the statute indicates that the court is vested with the discretion to provide that the time for giving notice may be shortened. To declare, however, that counsel for respondents, by resisting the

application for an order prescribing a shorter time, thereby waived future delay in bringing the matter to the court's attention or that thereby he indicated a willingness that the hearing of the motion should be delayed would be absurd. Counsel for respondents was entirely within his legal rights in resisting the application for an order so appreciably shortening the time and his action in resisting the application did not in the least indicate that he intended to waive further delay or that he acquiesced in it. He had successfully opposed the hearing of the motion on the date specified in the notice on the ground of insufficiency of notice and was entitled to insist that he be given a notice that would fully comply with the statutory provisions.

The contention that counsel for respondents acquiesced in the setting of the motion for hearing on October 31, 1932, by failing to object to the proposed date which it is said was fixed by the court clerk in the presence of the court and counsel for the parties is negatived by facts which are alleged in the supplemental affidavit of respondents' counsel, Walter C. Davison, filed with the court's permission on October 31, 1932. It is therein stated that upon sustaining the objection of insufficiency of the notice on September 19, 1932, the court stated to appellants' counsel that he should re-notice the motion for change of venue so that it might be heard on October 3, 1932, to which suggestion appellants' counsel replied that he would be busy throughout the month of October until the end of the month and for this reason would be unable to present the matter at the time indicated by the court and that the court thereupon stated that if counsel were so busy he could secure some other counsel to present the motion on October 3, 1932, after giving due notice of the hearing. This testimony not only effectually rebuts any intimation of acquiescence on the part of counsel for respondents in the selection of October 31, 1932, as the date on which the motion might be heard, but also indicates that counsel for appellants utterly ignored the court's pointed suggestion that the motion be noticed for hearing on October 3, 1932, and that he persisted in his determination to bring a matter, which had then been pending for at least a month, before the court at a date six weeks later.

The statement that counsel for respondents at no time requested an earlier hearing of the motion and the

implied intimation that thereby a waiver of the defense of lack of diligence was accomplished deserves slight consideration. Counsel for respondents had unequivocally announced in the letter of August 9, 1932, that he was interested solely in the rendition of a judgment in favor of his clients on a claim of whose validity he was fully satisfied. Obviously, since he had filed the action in Riverside County he was interested in its retention for trial in that county. The motion for change of place of trial was a proceeding dilatory in character which was being urged by appellants. Counsel for respondents had plainly stated that he would oppose the granting of it. He was entirely within his rights in presenting his repeated objections to its being heard and the argument that he waived a valid defense of lack of diligence by failing to request an earlier hearing of the motion is entirely without merit.

It may, therefore, be remarked that, viewing the record as a proper record, it plainly shows that appellants' counsel was guilty of lack of diligence in prosecuting the motion for change of place of trial; that there was no satisfactory explanation for the delay in bringing the matter to the attention of the trial court; that appellants have entirely failed to show that the trial court abused its discretion in denying the motion for lack of diligence.

An additional reason for affirming the order, however, exists in the failure of appellant to present a properly authenticated record. The record is presented in the form of a typewritten transcript which is denominated "clerk's transcript on appeal". Attached to this transcript is a certificate of the county clerk as to the correctness of the various documents appearing in the transcript. There is also a certificate of the trial judge which is in the following language: "I do hereby certify that the foregoing transcript is a full, true, fair and correct transcript of the proceedings had at the hearing of said motion for change of venue, including evidence offered or received and acts of the court; and the said foregoing transcript is, therefore, now settled, allowed and approved." It is manifest that no attempt was made to comply with Rule XXIX of the Rules for the Supreme Court and District Courts of Appeal or with the procedure authorized by section 953a of the Code of Civil Procedure and this defect alone amply justifies the

434

affirmance of the order. (*Stern & Goodman Inv. Co.* v. *Danziger*, 206 Cal. 456 [274 Pac. 748]; *Harrison* v. *Cousins*, 16 Cal. App. 515 [117 Pac. 564]; *Patterson* v. *Rutherford*, 39 Cal. App. 647 [179 Pac. 704]; *Guyot* v. *Cassab*, 118 Cal. App. 742 [5 Pac. (2d) 912]; *Salinas* v. *Riverside Finance Co.*, 126 Cal. App. 675 [14 Pac. (2d) 1025]; *Johnson* v. *Johnson*, 133 Cal. App. 151 [23 Pac. (2d) 780].)

The order from which this appeal has been taken is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.