[Civ. No. 11561. First Appellate District, Division Two.—January 29, 1941.]

V. J. VOTAW, Respondent, v. MERVIN MILLER et al., Defendants; MERVIN MILLER INCORPORATED, LTD., Appellant.

John Preston King for Appellant.

Nichols, Cooper & Hickson for Respondent.

STURTEVANT, J.—On August 27, 1937, the plaintiff filed a complaint in equity against Mervin Miller Incorporated, Ltd., and three individuals alleged to be the sole stockholders. On November 5, 1937, the default of the corporation was en-

1.

tered. On December 17, 1937, the action was dismissed as to the personal defendants. On August 19, 1938, the motion of the corporation to vacate its default was granted. On August 25, 1938, the corporation served a notice of motion to change the place of trial from Los Angeles County to Tulare County and at the same time it served a copy of a written demand, an affidavit of merits, and a demurrer. The notice of motion recited that the motion would be made on the 16th day of September, 1938. On October 7, 1938, the plaintiff filed an affidavit in opposition to the motion to change the venue. On the 7th day of October the trial court caused to be entered an order as follows: "Demurrer of defendant Mervin Miller Incorporated, Ltd. to complaint and motion for change of venue came on for hearing, Nichols, Cooper & Hickson appearing as attorneys for plaintiff, and John Preston King attorney for the defendants but not present. Said demurrer is overruled; defendant named is given ten days to answer. Motion for change of venue is denied." From the order denying the motion to change the venue the defendant has appealed.

The defendant calls to our attention that its affidavit was regular in form and set forth that its principal place of business was in Tulare County. Continuing it asserts that the affidavit in opposition was insufficient because in part it was made on information and belief. The defendant contends that its motion should therefore have been granted. The plaintiff replies that the order made by the trial court was general in terms and, nothing to the contrary appearing, it will be assumed that the trial court based its ruling on the fact that the defendant had not acted with due diligence. We think the reply is entirely sufficient. The record is entirely silent as to why the defendant did not make its motion to change the venue when it appeared on August 19, 1938. The record is also silent as to why the defendant did not bring its motion to a hearing on September 16, 1938. Furthermore the record is silent as to why the defendant did not appear and present its motion on October 7, 1938, the day on which the order was made. The burden of excusing these delays rested on the defendant. (*Hart* v. *Forgeus,* 184 Cal. 327, 330 [193 Pac. 764].) Whether the defendant acted with reasonable diligence was a question of fact to be determined by the trial court. (*Smith* v. *Pelton Water Wheel Co.,* 151 Cal. 399, 401 [90 Pac. 932, 1135] ; *Davison* v. *Gentry,* 136 Cal. App.

423, 428 [29 Pac. (2d) 266].) On the record as made it may not be said that the trial court abused its discretion.

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.