[Civ. No. 7552. Fourth Dist. April 16, 1964.]

JACK ADAMS et al., Petitioners, v. THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent; COUNTY OF RIVERSIDE, Real Party in Interest.

Arthur Strock for Petitioners.

No appearance for Respondent.

Ray T. Sullivan, Jr., County Counsel, Richard J. Lawrence and Bradley A. Stoutt, Deputy County Counsel, for Real Party in Interest.

COUGHLIN, J.—This is a proceeding wherein petitioners seek alternatively a writ of mandate or prohibition arising out of a denial of their motion for a change of venue, in an action by the County of Riverside against them and other defendants. In the superior court the petitioners had filed demurrers to the complaint; these demurrers had been heard and submitted for decision under an order granting the parties time within which to file points and authorities; petitioners at the time of filing their points and authorities in reply also filed a motion for change of venue under the provisions

of section 394 of the Code of Civil Procedure; and, thereupon the court heard and denied the motion for change of venue. Apparently no ruling has been made upon the demurrers.

■ The order denying the subject motion is not appealable. (Code Civ. Proc., § 963.) In lieu of an appeal, the petitioners applied to this court for an order to restrain the superior court from proceeding further in the action and to direct the transfer of that action to the County of Los Angeles. In substance, the petition is an application to this court pursuant to the provisions of section 400 of the Code of Civil Procedure.

The petitioners are residents either of the County of Orange or of the County of Ventura. The status of the defendant corporations is not material to a disposition of the issues presented by the instant petition and, for this reason, need not be considered. The action was one to recover damages arising out of an alleged breach of contract. The respondent herein concedes that the petitioners are entitled to have the place of trial of the subject action changed to a neutral county as prescribed by section 394 of the Code of Civil Procedure, but contends that their motion, and the instant application, ''is premature and made at an unreason. able time,'' because of the pending undetermined demurrers, and that the right to change of venue ''does not arise until after'' the subject action ''is at issue on the facts.''

■ Although section 394 of the Code of Civil Procedure does not prescribe the time within which a party to an action therein designated may move that it be transferred for trial to a neutral county, such a motion must be made within a reasonable time. (*Newman* v. *County of Sonoma*, 56 Cal.2d 625, 627-628 [15 Cal.Rptr. 914, 364 P.2d 850].) ■ A hearing upon a demurrer constitutes a trial upon an issue of law (*Cooney* v. *Cooney*, 25 Cal.2d 202, 208 [153 P.2d 334]; *City of Pasadena* v. *Superior Court*, 212 Cal. 309, 313 [298 P. 664]), and a request for the transfer provided for by that section properly may be made prior to such a hearing. ■ On the other hand, the request in question need not be made at the time a defendant demurs or answers (*Mono Power Co.* v. *City of Los Angeles*, 33 Cal.App. 675, 681 [166 P. 387]); may be made after a demurrer has been sustained but before trial of an issue of fact (*Daneri* v. *City of San Diego*, 55 Cal.App. 562 [203 P. 829]); but, as noted, must be made within a reasonable time under the circumstances of the particular case. (*Newman* v. *County of Sonoma, supra*, 56 Cal.2d

625, 627-628.) In the instant case, as the respondent herein in substance concedes, the subject motion and the instant application were made within time to entitle the petitioners to a transfer of the action for trial of any issue of law or fact that remains to be tried after determination of the pending demurrers.

The primary issue presented for determination in this proceeding is whether the transfer to a neutral county should await determination by the trial court of the subject demurrers. The parties hereto assume that petitioners' motion for change of venue, and the instant application, have deprived that court of its right to determine the demurrers heretofore submitted for decision. This assumption is based upon the rule governing applications for change of venue under section 395 of the Code of Civil Procedure that "the filing of a motion for the change of place of trial suspends the power of the trial court to act upon any other question until the motion has been determined." (*Beard* v. *Superior Court*, 39 Cal.App.2d 284, 286 [102 P.2d 1087].) ■ However, even assuming that the rule in question applies to an action subject to the provisions of section 394 of the Code of Civil Procedure, which is doubtful (*City of Oakland* v. *Darbee*, 102 Cal.App.2d 493, 502, 504 [227 P.2d 909]), it does not preclude the court in such an action from ruling upon a demurrer filed, argued and submitted before the making of the motion under that section, after it had determined that motion. ■ The authority to make such a ruling is recognized by the provisions of section 400 of the Code of Civil Procedure, which substituted the right to apply to the District Court of Appeal for a writ of mandate after denial of a motion for change of venue in lieu of an appeal from such denial, wherein it is provided that the latter court "may stay all proceedings in the case, pending judgment on the petition becoming final." ■ Insofar as the petition before us solicits such a stay with respect to the pending undetermined demurrers, it will be denied because of the petitioners' failure to request a change of venue until after the demurrers in question had been heard and submitted for decision. The petitioners, if they had moved within a reasonable time, could have obtained a transfer of the subject action to a neutral county for the trial of the issues of law presented by their demurrers. ■ However, the right to change of venue may be waived (*Hart* v. *Forgeus*, 184 Cal. 327, 330 [193 P. 764]; *City of Oakland* v. *Darbee, supra*, 102

Cal.App.2d 493, 498) ; a lack of diligence in prosecuting a motion to effect such a change constitues such a waiver (*Hart* v. *Forgeus, supra,* 184 Cal. 327, 329-330; *Willingham* v. *Pecora,* 44 Cal.App.2d 289, 295 [112 P.2d 328] ; *Davison* v. *Gentry,* 136 Cal.App. 423, 428 [29 P.2d 266]) ; and, by analogy, the failure of the petitioners to assert their right to a transfer of the subject action for trial to a neutral county until after their demurrers had been submitted for decision constituted a waiver of that right as it applied to the trial of the issues of law raised by those demurrers.

We propose to issue a writ of mandate directing the transfer of the subject action for trial to the Superior Court of the County of San Bernardino. The selection of a neutral county is a matter lying within the discretion of the court ordering the transfer. (*Perkins* v. *Winder,* 123 Cal.App. 467 [11 P.2d 394] ; *County of Yuba* v. *North America etc. Min. Co.,* 12 Cal.App. 223 [107 P. 139].) In the interim between the filing of this opinion and the time when the decision of this court as announced therein becomes final, the Superior Court of the County of Riverside may rule upon the demurrers heretofore submitted for decision.

Let a writ of mandate issue directing the Superior Court of Riverside County to make its order transferring the instant action, i.e., action No. 79010, in the Superior Court of the State of California, in and for the County of Riverside, entitled *"County of Riverside, plaintiff* v. *Jack Adams, et al., defendants,"* for trial, to the Superior Court of San Bernardino County, said writ to issue when this decision becomes final. Pending issuance of said writ all proceedings in said action shall be stayed, except ruling upon the demurrers heretofore submitted for decision, and entry of judgment in favor of petitioners herein should said demurrers be sustained without leave to amend. In the event such a judgment is issued no transfer of said action shall be made. Neither party hereto shall recover costs herein.

Griffin, P. J., and Brown (Gerald), J., concurred.