[No. B027923. Second Dist., Div. Two. July 2, 1987.]

THE STATE OF CALIFORNIA, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
SHARON ANNE CLARK et al., Real Parties in Interest.

■■■■■■

## COUNSEL

Joseph A. Montoya, Ronald I. Harrison and George L. Cory for Petitioner.

No appearance for Respondent.

Thomas E. Rubbert for Real Parties in Interest.

## OPINION

**THE COURT\*—** In this petition for a writ of mandate, defendant State of California (State) challenges a trial court ruling denying its motion to change venue from Los Angeles County to Inyo County.

The action is for personal injuries sustained in an automobile accident in Inyo County. Named as defendants are several individuals, the State of California, and two state agencies.

The basis of the State's venue motion was section 955.2 of the Government Code: "Notwithstanding any other provision of law, where the State is named as a defendant in any action or proceeding for death or injury to person or personal property and the injury or the injury causing death occurred within this State, the proper court for the trial of the action is a court of competent jurisdiction in the county where the injury occurred or where the injury causing death occurred. The court may, on motion, change the place of the trial in the same manner and under the same circumstances as the place of trial may be changed where an action is between private parties."

Plaintiffs conceded their action is subject to this provision. ■ But they argued its second sentence permitted the trial court, in considering the state's motion, to determine venue after weighing the convenience of witnesses and the ends of justice. (See Code Civ. Proc., § 397.) The trial court

---

\*Roth, P. J., Gates, J., and Fukuto, J.

agreed, and ruled the action should remain in Los Angeles, where all the individual parties, and most witnesses to plaintiffs' injuries, are located.

The trial court erred. The command of the statute is clear, and the court lacked discretion to decline to follow it. (See *State of California* v. *Superior Court* (*Fuller*) (1967) 252 Cal.App.2d 637 [60 Cal.Rptr. 653]; *State of California* v. *Superior Court* (*Vincent*) (1965) 238 Cal.App.2d 691 [48 Cal.Rptr. 156].) Discretion to choose a different venue is conferred by the statute only on the superior court of the county where the injury occurred, in this case Inyo County. The principle of liberal construction of venue provisions to afford citizens an accessible forum (see *Regents of University of California* v. *Superior Court* (1970) 3 Cal.3d 529, 536 [91 Cal.Rptr. 57, 476 P.2d 457]) cannot countermand an unambiguous statute.

This is a proper case for issuance of a peremptory writ in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].) All parties were informed this court was considering issuing a peremptory writ in the first instance. The matter having been fully briefed, issuance of an alternative writ would add nothing to the exposition of the issues.

Let a peremptory writ of mandate issue, directing respondent court to vacate its order of May 28, 1987, denying petitioner's motion for change of venue, and to enter a new order granting the motion.