[No. B151325. Second Dist., Div. Three. Sept. 6, 2001.]

VENTURA UNIFIED SCHOOL DISTRICT, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ADAN LOPEZ, a Minor, etc., Real Party in Interest.

**COUNSEL**

Law Office of Korman Dorsey Ellis, Korman Dorsey Ellis and Sean D. Cowdrey for Petitioner.

No appearance for Respondent.

The Halpern Law Firm and Derryl S. Halpern for Real Party in Interest.

## OPINION

**KLEIN, P. J.**—Petitioner Ventura Unified School District (District) filed this petition requesting issuance of a writ of mandate directing the respondent court to vacate its order denying a motion for change of venue and to enter in its place an order transferring the case to Ventura County for trial. (Code Civ. Proc., § 394.)[1] Following our review of the petition and the relevant law, we reached the tentative conclusion that section 394 requires an action against a public entity to be tried in the county where the accident occurred and where the public entity is located. On July 6, 2001, we notified the parties (see *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232 [82 Cal.Rptr.2d 85, 970 P.2d 872]) of our preliminary conclusion that the respondent court erred in denying the motion to transfer the action to Ventura County.

After full review of the record and the responsive briefs filed by the parties, we conclude the respondent court erred in denying the motion for change of venue. The petition for writ of mandate is granted. The respondent court is directed to transfer this case to Ventura County for all further proceedings.

### PRELIMINARY STATEMENT

On August 12, 2000, Adan Lopez, a minor by and through his guardian ad litem Ofelia Lopez (plaintiff), brought this action against District for negligence and dangerous condition of property, alleging he was injured while operating a machine used in manual training classes at Ventura High School. Plaintiff also alleged medical malpractice against the Ventura County Medical Center where he was treated immediately after the accident and the Los Angeles County USC Medical Center (County USC) where he later was treated. The claims against County USC were based on conduct that took place in Los Angeles County.

The presence of County USC, a public entity charged with injuries occurring in Los Angeles County as a result of treatment received at County

---

[1]Statutory references are to the Code of Civil Procedure. In pertinent part, section 394 provides: "(a) . . . [A]ny action or proceeding against the city, county, city and county, or local agency for injury occurring within the city, county, or city and county, or within the county in which such local agency is situated, to person or property or person and property caused by the negligence or alleged negligence of such . . . local agency, or its agents or employees, *shall* be tried in such county, . . . or if a local agency is a defendant, in such county in which such local agency is situated." (Italics added.) Subdivision (c) of section 394 defines "local agency" as "any governmental district, board, or agency, or any other local governmental body or corporation . . . ."

USC, allowed plaintiff to bring this action in Los Angeles County rather than in Ventura County where the initial injury occurred. On May 7, 2001, County USC entered a settlement with plaintiff and, as a result, was dismissed from the action.

On June 6, 2001, District, as the only public entity remaining in the action, filed its motion for change of venue to Ventura County, asserting trial of an action against a public entity for any injury occurring within the county where the public entity is located must be tried in the county where the injury occurred and where the public entity is located.

On June 19, 2001, the respondent court denied the motion on the ground the case had been litigated in Los Angeles County for approximately 10 months before the settlement with County USC and a trial date had been selected.[2]

After we notified the parties of our conclusion that section 394 requires an action against a public entity to be tried in the county where the accident occurred and where the public entity is located, plaintiff filed opposition based on the argument District waived the right to trial in Ventura County by not seeking a change of venue within a reasonable time.

DISCUSSION

1. *Section 394.*

█ The initial venue is determined under general venue rules. (§ 392 et seq.) Section 394 is a "removal statute," applicable only after an action has been commenced in a "proper court." (*County of Riverside v. Superior Court* (1968) 69 Cal.2d 828, 830-831 [73 Cal.Rptr. 386, 447 P.2d 626].)

Section 394 is an exception to the general venue statue (§ 395), which permits venue either in the county where the injury occurs or the county in which some of the defendants reside at the commencement of the action. If a plaintiff sues a county or local agency for injuries occurring within the county where the public agency is located, section 394 requires the suit to be tried in the defendant county, even though the general venue rules would have permitted trial in the county where other defendants reside. The statute unequivocally provides that an action brought against a county or local governmental agency for personal injuries occurring in the county must be brought in that county. (*County of Orange v. Superior Court* (1999) 73 Cal.App.4th 1189, 1192 [86 Cal.Rptr.2d 923].)

---

[2]The initial trial date was July 7th. No new trial date has been scheduled.

█ Section 394 confers upon a public entity the absolute right to change of venue to the county where the accident occurred. (See *State of California v. Superior Court* (1967) 252 Cal.App.2d 637, 643 [60 Cal.Rptr. 653].) The language of section 394 is unambiguous and is not susceptible to conflicting interpretations. (*County of Orange v. Superior Court, supra,* 73 Cal.App.4th at pp. 1191-1192.) The words of the statute may not be altered to accomplish a purpose that does not appear on the face of the statute. (*Ibid.*) "The command of the statute is clear, and the court lack[s] discretion to decline to follow it. [Citations.] Discretion to choose a different venue is conferred by the statute only on the superior court of the county where the injury occurred . . . ." (*State of California v. Superior Court* (1987) 193 Cal.App.3d 328, 330 [238 Cal.Rptr. 315].)

2. *Waiver.*

District alleges it did not seek a change of venue immediately after the action was filed because County USC, as a public entity, had an equal right to venue in the county in which the injury attributed to it occurred.

It is not disputed that the presence of County USC made venue proper in Los Angeles County when the case was filed in August 2000. It is not disputed that the right to change venue may be waived by *unreasonable* delay *after* the settlement with another public entity. The issue is whether District retains the right to a change of venue to Ventura County by motion filed within 30 days after plaintiff and County USC reached a settlement, leaving District as the only public entity in the action.

Irrespective of the mandatory language in the statute, the right to transfer may be waived if there is *unreasonable* delay. (*Newman v. County of Sonoma* (1961) 56 Cal.2d 625, 627-628 [15 Cal.Rptr. 914, 364 P.2d 850].) In *Newman,* the court held a motion for change of venue under section 394 may be made *within a reasonable time after the settlement* between plaintiffs and another defendant. The *Newman* court noted Sonoma County "could have resorted to the statute as of the time of the settlement agreement between the plaintiffs and the [other defendants]." (*Newman,* at p. 628.) This is exactly what District did, making the motion for change of venue within 30 days after the settlement between plaintiff and County USC.

The *Newman* court concluded the 11-month period between the settlement and the county's motion to change venue was unreasonable in view of the county's participation in extensive litigation that took place *after* the settlement and *before* the motion to change venue was made. (*Newman v. County*

*of Sonoma, supra,* 56 Cal.2d at pp. 626-628.) In contrast to the delay and the subsequent litigation in *Newman,* District brought its motion to change venue within 30 days after plaintiff settled with County USC and there was no activity between the settlement and the motion to change venue.

Clearly, the 30-day period between plaintiff's settlement with County USC and the absence of postsettlement activity in this case is not equivalent to the 11-month delay and extensive postsettlement litigation in *Newman v. County of Sonoma, supra,* 56 Cal.2d 625.

In opposing District's venue motion, plaintiff cited *Buran Equipment Co. v. Superior Court* (1987) 190 Cal.App.3d 1662 [236 Cal.Rptr. 171], a case *not* made under section 394 and *not* involving a public entity. The issue in *Buran* was the place of venue in an action for breach of fiduciary duty against a law firm and two of its general partners. The action was brought in the county in which the individual defendants resided but the trial court granted a motion to change venue to the county where the firm's principal office was located. The Court of Appeal granted a writ, concluding venue was proper in the county where the individual defendants resided. There is nothing in *Buran* relating to a reasonable time for bringing a motion to change venue.[3]

Plaintiff also relies on *Adams v. Superior Court* (1964) 226 Cal.App.2d 365 [38 Cal.Rptr. 164], a case in which Riverside County was the *plaintiff* in an action to recover damages arising out of an alleged breach of contract. The defendants, residents of Orange County or Ventura County, moved for a change of venue from Riverside County to a neutral county.[4] Riverside County acknowledged that the defendants were entitled to a change of venue but argued the motion was not made within a reasonable time under the circumstances of the particular case. At the time defendants filed the motion for change of venue, various matters had been submitted for decision with the Riverside court. *Adams* stayed all proceedings except the matters submitted for decision, and ordered the Riverside court to transfer the case after entering rulings on the pending submitted matters. (*Adams,* at p. 369.)

---

[3]The only possible inference in *Buran* relating to a time period is the statement that a motion to change venue based on convenience of witnesses cannot be filed until after an answer is on file. This petition does not involve convenience of witnesses. However, all percipient witnesses to the accident as well as the medical practitioners who treated plaintiff immediately after the accident reside in Ventura County. District may well be entitled to a change of venue based on convenience of witnesses, an issue not before this court.

[4]Section 394 also provides for a motion to transfer venue to a neutral county which is neither the residence of the plaintiff nor the county in which the public entity is situated. That portion of section 394 is not relevant to this action.

Plaintiff's reliance on *Adams* is misplaced. This case is unlike *Adams* in many ways. *Adams* did not involve a change of venue to the place where an accident occurred. The request for change of venue in *Adams* did not arise after dismissal of another public entity. Unlike *Adams*, no matters are submitted for decision by the Los Angeles court. There has been *no* activity subsequent to the dismissal of County USC other than the motion to change venue. *Adams*, of course, ordered the Riverside court to *grant* the motion to change venue once it ruled on the submitted matters.

There is no authority that tends to support plaintiff's argument that the mandatory provisions of section 394 are inapplicable in the circumstances present here.

## CONCLUSION

In view of the fact District filed the motion for change of venue within 30 days after County USC entered into the settlement with plaintiff and the lack of postsettlement activity, there is no basis for plaintiff's waiver argument. The mandatory provisions of section 394 entitle District to venue in Ventura County, where District is located and the place where the accident occurred.

All procedural requirements for issuance of the writ in the first instance have been followed. We notified the parties we were considering issuance of a peremptory writ of mandate in the first instance and each party had the opportunity to file a written response. (*Palma v. U.S. Industrial Fasteners, Inc., supra,* 36 Cal.3d 171.) After reviewing the entire record and the briefs filed by the parties, we conclude the respondent court's order is a manifest abuse of discretion. District's " ' "entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue . . . ." ' [Citation.]" (*Lewis v. Superior Court, supra,* 19 Cal.4th at p. 1241.) Accordingly, we grant the petition for writ of mandate in the first instance.

## DISPOSITION

The relief requested in District's petition for writ of mandate is granted.

Let a peremptory writ of mandate issue in the first instance directing the respondent court to: (1) vacate the order denying District's motion to change venue to Ventura County; (2) enter an order granting the motion; and (3) immediately transfer this case to Ventura County for all further proceedings.

The stay entered on July 6, 2001, is lifted.

No costs are awarded in this proceeding.

Croskey, J., and Kitching, J., concurred.

On October 1, 2001, the opinion was modified to read as printed above.