RABINOWITZ et al. v. LIPSCHITZ.

(Supreme Court, Appellate Term. February 7, 1911.)

TRIAL (§ 29*)—CONDUCT OF JUDGE—INDICATION OF OPINION.

Where the trial judge did not believe the defendant's contention, which was supported by substantial evidence, and so plainly showed his disbelief that it must have affected the jury, a verdict for the plaintiff will be reversed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 80–84; Dec. Dig. § 29.*]

Appeal from City Court of New York, Trial Term.

Action by Samuel Rabinowitz and another against Jacob Lipschitz. From a verdict for plaintiffs, and an order denying a new trial, defendant appeals. Reversed and remanded on reargument.

See, also, 121 N. Y. Supp. 669.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Max Schleimer, for appellant.
I. Gainsburg, for respondents.

PER CURIAM. A careful examination of the record in this case leads us to the conclusion that the issues should be again laid before a jury for their determination. The defendant has denied his signature upon the instrument sued upon, and his testimony is corroborated by an expert, and is very strongly corroborated by circumstances. The record shows that the trial justice did not believe him, and he indicated his disbelief so strongly that it was bound to affect the jury's determination. His charge attempted to disabuse the minds of the jurors of any prejudice caused by his attitude, but it seems to us insufficient for this purpose, and possibly even inadvertently tending to deepen the prejudice.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.