[S. F. No. 12736. In Bank.—May 25, 1929.]

GENERAL ACCEPTANCE CORPORATION OF CALIFORNIA (a Corporation), Appellant, v. E. C. ROBINSON, Respondent.

Arnold C. Lackenbach for Appellant.

Breed, Burpee & Robinson for Respondent.

RICHARDS, J.—This appeal is from an order granting a change of place of trial from the city and county of San Francisco, where the action was brought, to the county of Alameda, the residence of the defendant herein. The action was one to recover upon an alleged contract of guaranty claimed to have been made by the defendant in the course of a certain transaction involving the sale or agreement to sell certain automobiles and the transfer of such agreement from the seller thereof to the plaintiff herein. The contract for such transfer was made and entered into by the Auburn Motor Sales Company, seller, and contained certain agreements by which the seller undertook to assure to the transferee of said contract the *bona fides* thereof and the ability of the purchaser under said agreement to fulfill the terms thereof. The obligation of the seller under such agreement was therein declared to be an absolute and unconditional one as distinguished from that of a surety, guarantor or indemnifier, and it was agreed therein that said obligation should be enforceable, even though the purchaser's obligation under the original agreement for the sale of said automobiles should for any reason be suspended or impaired. The seller's agreement contained the final provision "that should suit be brought upon the contract or this assignment, that the trial of said action be in the City and County of San Francisco, State of California." The defendant had placed his name at the foot of said contract as "E. C. Robinson, guarantor." The original contract not having been performed and the Auburn Motor Sales Company not having fulfilled the aforesaid obligation on its part to be performed, this action was commenced in the city and county of San Francisco against the defendant as such guarantor for the recovery in several counts of sums aggregating the sum of $4,534.71, claimed to be due to the plaintiff for the breach of the aforesaid agreement. The defendant upon being served appeared by demurrer and at the time of such appearance duly demanded that the place of trial of said action be changed to the county of Alameda, and

upon such demand gave notice of motion in due form for the change of such place of trial, supporting the same by a proper affidavit to the effect that the place of residence of the defendant was at all the times mentioned in said complaint in the county of Alameda. He also presented and filed in due form an affidavit of merits. ▮ It is not contended by the appellant that there was any defect in the form or substance of the defendant's moving papers upon said motion, and the sole ground on which the same was resisted upon the hearing thereon was that under the terms of said agreement and of the defendant's guaranty thereof it had been agreed that the place of trial of any action brought thereon should be in the city and county of San Francisco. The trial court granted the motion for a change of place of trial, and from the order made in that regard the plaintiff prosecutes this appeal.

The sole question presented upon this appeal is that under said agreement and the guaranty thereof the defendant had entered into a binding agreement that the place for the commencement and trial of said action should be the city and county of San Francisco and not elsewhere, and that the order of the trial court granting the defendant's motion for change of place of trial was void as in violation of the terms of said agreement.

On behalf of the respondent it is urged, first, that under the peculiar wording of the terms of the agreement it must be held that the guarantor's obligation was not to be extended so as to cover that portion thereof which related to the place for the commencement and trial of any action instituted for the enforcement of the seller's said agreement; and, second, that even if it should be determined that the defendant's guaranty is so far inclusive as to embrace the aforesaid condition in the agreement, it is ineffectual for the reason that any agreement between the parties thereto as to the place of trial of actions to be brought thereon is void as in violation of the provisions of law with respect to the place for the institution and trial of civil actions. We shall first consider the respondent's second contention for the reason that if we shall conclude to uphold the same it will become immaterial and unnecessary to consider and decide his first contention.

The appellant places its main reliance upon the case of *State ex rel., etc.,* v. *Superior Court of King County,* 61 Wash. 681 [Ann. Cas. 1912C, 814, 112 Pac. 927], wherein the Supreme Court of the state upholds the view that parties to an agreement may properly stipulate therein as to where any action may be brought thereon, or for the violation thereof, · and that the courts will uphold and enforce such agreements. On the other hand, the respondent directs our attention to the fact that the aforesaid decision of the Supreme Court of the state of Washington is based upon an express provision of the statutes of that state relating to the place of trial of civil actions, to the effect that the parties to said actions may by stipulation in writing agree as to the place of trial thereof (Rem. & Bal. Code, sec. 216), and that in so far as the laws of California are concerned relating to the same subject there is no such statutory provision. The respondent further proceeds to show that the precise question presented upon this appeal was decided adversely to the appellant's contention in the case of *General Motors Acceptance Corp.* v. *Codiga,* 62 Cal. App. 117 [216 Pac. 383], wherein that court not only gave express and careful consideration to the state of our California code provisions (sec. 395 et seq., Code Civ. Proc.), relating to the place of trial of civil actions, but also expressly considered the scope and application of the aforesaid Washington decision to the state of the law in California governing the place of trial of civil actions. The respondent further directs our attention to the case of *McCarthy* v. *Herrick,* 41 Idaho, 529 [240 Pac. 192], wherein the Supreme Court of Idaho, construing the statutes of that state, which are substantially identical to the like provisions in our California code, held that the Washington case was not to be given application for the reason above set forth. Respondent further refers to the cases of *Rabinowitz* v. *Lipschitz,* (Sup.) 127 N. Y. Supp. 486, *Nashua River Paper Co.* v. *Hammerhill,* 223 Mass. 8 [L. R. A. 1916D, 691, 111 N. E. 678], *Stoddard* v. *Stoddard,* 187 App. Div. 258 [175 N. Y. Supp. 636], and *Christensen* v. *Morse Dry Dock etc. Co.,* 216 App. Div. 274 [214 N. Y. Supp. 732, 741], in each of which last-named cases the respective courts deciding the same held that contracts relating to the place of trial of civil actions for the enforcement of contracts made by the parties thereto

were void. In so doing each of said courts referred to the case of *Benson* v. *Eastern Building & Loan Assn.*, 174 N. Y. 83 [66 N. E. 627], 67 App. Div. 319 [74 N. Y. Supp. 507], upon which the appellant herein also relies, and distinguishes said case upon the facts thereof, and in so doing directs attention to the fact that the Benson case is authority for the general statement that "jurisdiction of the court is beyond the agreement of the parties." (See *Christensen* v. *Morse Dry Dock etc. Co., supra.*) The case of *Nute* v. *Hamilton Ins. Co.*, 6 Gray (Mass.), 174, is quite in point. In that case a clause in an insurance contract requiring any action thereon to be commenced in a particular county was held to be invalid as in violation of the provisions of the Massachusetts statutes determining in what court and county actions may be brought. In so declaring the Supreme Court of Massachusetts aptly said: "The rules to determine in what courts and counties actions may be brought are fixed upon consideration of general convenience and expediency by general law; to allow them to be changed by the agreement of the parties would disturb the symmetry of the law, and interfere with such convenience. Such contracts might be induced by considerations tending to bring the administration of justice into disrepute." We are satisfied that the foregoing authorities cited by the respondent herein sufficiently sustain his second contention to the effect that the agreement between the parties to the contract upon which this action was brought was void, and hence that the defendant, as the guarantor of the contract, was not to be held bound thereby, even though it should be determined that otherwise his agreement to guarantee was broad enough to cover and include that particular clause in the contract. Having reached this conclusion it becomes immaterial to this inquiry to further construe the terms of said contract.

It follows that the order granting the change of place of trial to the county of Alameda should be affirmed, and it is so ordered.

Shenk, J., Preston, J., Langdon, J., Curtis, J., and Seawell, J., concurred.