[Civ. No. 42381. First Dist., Div. One. Sept. 8, 1978.]

CENTRAL CONTRA COSTA SANITARY DISTRICT,
Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
FRED J. EARLY, JR., COMPANY, INC., Real Party in Interest.

**COUNSEL**

John J. Carniato and James E. Allen for Petitioner.

No appearance for Respondent.

Williams, Van Hoesen & Brigham and David Van Hoesen for Real Party in Interest.

## OPINION

**RACANELLI, P. J.**—We issued an alternative writ of mandate to review the propriety of the trial court's order denying petitioner's motion for a change of venue under the relevant provisions of Code of Civil Procedure section 394, subdivision (1). We conclude that the trial court erred in failing to grant the motion changing the place for trial to a neutral county.

### Facts

The record reveals the following undisputed allegations of fact: Fred J. Early, Jr., Company, Inc., real party in interest, a corporation having its principal place of business in San Francisco, brought an action for damages against petitioner Central Contra Costa Sanitary District (District) as owner and codefendant Bechtel, Inc., a corporation, as design engineer and administrator of a certain sewage treatment construction project in Contra Costa County. District is wholly situated in Contra Costa County; codefendant Bechtel has its principal place of business in San Francisco County. District contended below, as it does here, that the trial court had a mandatory duty to grant its venue motion under Code of Civil Procedure section 394, subdivision (1), which provides in pertinent part as follows: ". . . Whenever an action or proceeding is brought . . . against a . . . local agency, . . . in any county . . . other than that in which the defendant is situated, the action or proceeding *must* be, on motion of the said defendant, transferred for trial to a county, or city and county, other than that in which the plaintiff, or any of the plaintiffs, resides, or is doing business, or is situated, and other than the . . . county in which such defendant . . . local agency is situated." (Italics added.) Real party in interest, in resisting the motion, argued that section 394 is inapplicable when a defendant local agency is joined with a codefendant in a suit filed in the latter's county of residence, trial venue being

governed by the provisions of Code of Civil Procedure section 395, subdivision (a).[1] The same argument is renewed in these proceedings.

I. ▓▓ District, a governmental entity organized under the provisions of the Sanitary District Act of 1923 (Health & Saf. Code, § 6400 et seq.), qualifies as a "local agency" within the meaning of section 394 subdivision (3) of the Code of Civil Procedure. (See *Garrett* v. *Superior Court* (1974) 11 Cal.3d 245, 247-248 [113 Cal.Rptr. 152, 520 P.2d 968].) The purpose underlying the mandatory venue provisions in section 394 is " 'to guard against local prejudices which sometimes exist in favor of litigants within a county as against those from without and to secure to both parties to a suit a trial upon neutral grounds' [citation omitted]. Furthermore, as remedial legislation, the section is to be liberally construed." (*Id.,* at p. 248; see also *Westinghouse Electric Corp.* v. *Superior Court* (1976) 17 Cal.3d 259, 266 [131 Cal.Rptr. 231, 551 P.2d 847].)

II. In *Delgado* v. *Superior Court* (1977) 74 Cal.App.3d 560 [141 Cal.Rptr. 528], the Third District Court of Appeal considered a similar mixed venue case involving the conflicting venue provisions of sections 394 and 395. In sustaining the Sacramento Superior Court's order transferring a tort action against Yolo County and resident codefendants to Yolo County, the *Delgado* court interpreted the 1970 amendment to the first clause of section 395 (viz: "Except as otherwise provided by law") as a "true subordinating declaration . . . [which] . . . means that section 395 is to be applied only when there is no other applicable venue provision." (At p. 564.) In so holding, that court declared its earlier majority opinion in *Channell* v. *Superior Court* (1964) 226 Cal.App.2d 246 [38 Cal.Rptr. 13], was no longer appropriate in light of the subordinating declaration clearly expressed in the 1970 amendment. ▓▓ We agree with the well-reasoned construction of the *Delgado* court resulting in the dominance of the local venue provisions of section 394, subdivision (1), over the subordinate residence venue provisions contained in the succeeding section.

---

[1]Code of Civil Procedure section 395 as revised in 1970, provides in pertinent part: "(a) *Except as otherwise provided by law* and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants or some of them reside at the commencement of the action is the proper county for the trial of the action." (Italics added.)

In view of the governing language of section 394, subdivision (1), the District is entitled to a change of trial venue to a county "other than that in which the plaintiff . . . resides, or is doing business, or is situated, and other than the . . . county in which such defendant . . . local agency is situated." Under the factual allegations presented herein, neither San Francisco County nor Contra Costa County constitutes a neutral place for trial. As correctly argued by real party in interest, District may not, however, unilaterally choose the new venue situs. All that is required in granting the mandatory change of venue under section 394 is that a neutral county be selected by the trial court; that remaining issue may be properly determined by the trial court upon remand.[2]

Let a peremptory writ of mandate issue directing the trial court to set aside its order denying District's motion for change of venue and to undertake further proceedings granting District relief in accordance with the views expressed herein.

Elkington, J., and Newsom, J., concurred.

---

[2]We note that section 394 further provides that when a jury is not a matter of right or is waived, "in lieu of transferring the cause the court in the original county may request . . . [as assigned] . . . judge from a neutral county to hear said cause . . . ." (See *City of Alameda* v. *Superior Court* (1974) 42 Cal.App.3d 312, 316-317 [116 Cal.Rptr. 806].)