[No. A086253. First Dist., Div. Three. July 30, 1999.]

COUNTY OF ORANGE, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
DEBBIE LYNN BARRIE, Real Party in Interest.

1190

## COUNSEL

Franscell, Strickland, Roberts & Lawrence and S. Frank Harrell for
Petitioner.

No appearance for Respondent.

Gary R. Cloutier for Real Party in Interest.

## OPINION

**McGUINESS, P. J.**—Plaintiff/real party in interest Debbie Lynn Barrie's complaint alleged she was arrested in San Francisco on a recalled bench warrant issued by petitioner the County of Orange (sometimes identified as the County). She alleged that on February 2, 1998, she was arrested, strip-searched and jailed by San Francisco police in San Francisco and a few days later, she was transported to Orange County, where she was again strip-searched and jailed. She was subsequently released once it was discovered the bench warrant had been recalled years earlier. She was detained for a total of eight days. She filed this personal injury action in San Francisco alleging damages from negligence and false imprisonment against defendant County of Orange only. Petitioner sought change of venue to Orange County pursuant to Code of Civil Procedure section 394.[1] The trial court denied the motion, reasoning because plaintiff alleged she sustained injuries both in San Francisco and Orange Counties, venue in either county was proper pursuant to section 395. On the County's petition for writ of mandate and/or prohibition (§ 400), we issued an order to show cause to the parties. Finding the trial court erred in refusing to transfer venue, we now grant the petition.

### DISCUSSION

■ Petitioner argues that so long as plaintiff alleged some of the injuries occurred in Orange County, section 394, subdivision (a), requires the case to be tried there. That section provides in pertinent part: "[A]ny action or proceeding against the city, county, . . . for injury occurring within the city, county . . . to person . . . caused by the negligence or alleged negligence of such city, county . . . or its agents or employees, shall be tried in such county, . . ." ■ This statute is an exception to the general venue statute (§ 395), which permits venue "either in the county where the injury occurs or the injury causing death occurs or the county in which the defendants, or some of them reside at the commencement of the action, . . ." (§ 395.) For example, if a plaintiff sues both a county and individual defendants who reside outside the county, for injuries occurring within the county, section 394 requires the suit to be tried in defendant county, even though the general venue rules would have permitted trial in

---

[1]All further statutory references are to the Code of Civil Procedure.

the county where the individual defendants reside. (*Tutor-Saliba-Perini Joint Venture* v. *Superior Court* (1991) 233 Cal.App.3d 736, 743 [285 Cal.Rptr. 1]; *Delgado* v. *Superior Court* (1977) 74 Cal.App.3d 560, 563-564 [141 Cal.Rptr. 528].)

■ Here, the language of section 394 is unambiguous and is not susceptible to conflicting interpretations. ■ "The rules governing statutory construction are well settled. We begin with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.] 'In determining intent, we look first to the language of the statute, giving effect to its "plain meaning." ' [Citations.] Although we may properly rely on extrinsic aids, we should first turn to the words of the statute to determine the intent of the Legislature. [Citation.] Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history. [Citation.]" (*Burden* v. *Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672].)

■ The statute unequivocally provides that an action against a county for personal injuries occurring in that county, shall be brought in defendant county. Because plaintiff alleged at least some of her damages occurred in Orange County, the County may request venue to be transferred there. (See *Newman* v. *County of Sonoma* (1961) 56 Cal.2d 625, 627-628 [15 Cal.Rptr. 914, 364 P.2d 850] [venue under section 394 is not jurisdictional and is waived if County fails to file timely motion].) Our interpretation of the statute is not contradicted by anything contained in the general venue statute (§ 395) or the discretionary venue statute (§ 397).[2] Nothing we say here should be construed as preventing a trial court from exercising its discretion to change venue upon a proper showing under section 397, e.g., convenience of witnesses, or impartial trial. (*Paesano* v. *Superior Court* (1988) 204

---

[2]Section 397 provides: "The court may, on motion, change the place of trial in the following cases:

"(a) When the court designated in the complaint is not the proper court.

"(b) When there is reason to believe that an impartial trial cannot be had therein.

"(c) When the convenience of witnesses and the ends of justice would be promoted by the change.

"(d) When from any cause there is no judge of the court qualified to act.

"(e) When a proceeding for dissolution of marriage has been filed in the county in which the petitioner has been a resident for three months next preceding the commencement of the proceeding, and the respondent at the time of the commencement of the proceeding is a resident of another county in this state, to the county of the respondent's residence when the ends of justice would be promoted by the change. If a motion to change the place of trial is made pursuant to this paragraph, the court may, prior to the determination of such motion, consider and determine motions for allowance of temporary spousal support, support of children , temporary restraining orders, attorneys' fees, and costs, and make all necessary and proper orders in connection therewith."

Cal.App.3d 17, 20-21 [250 Cal.Rptr. 842] [section 397 controls over mandatory language of section 394].)[3]

Plaintiff's reliance upon another portion of section 394 which requires trial in a neutral county, does not involve the precise circumstance presented here—i.e., where the plaintiff sues the county for personal injuries occurring in the county. We therefore reject that reliance as inapposite.

## DISPOSITION

We conclude the trial court erred as a matter of law and abused its discretion in denying petitioner's motion to transfer venue to Orange County. We grant the petition for writ of mandate and order the trial court to vacate its order denying transfer, and to enter a new order transferring venue to Orange County. Each party will bear its own costs on appeal.

Parrilli, J., and Walker, J., concurred.

---

[3]Real party in interest did not rely on section 397 in arguing the venue was proper in San Francisco.