[No. A106242. First Dist., Div. Three. Sept. 30, 2004.]

ARNTZ BUILDERS, Petitioner, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent;
COUNTY OF CONTRA COSTA, Real Party in Interest.

COUNSEL

Bell, Rosenberg & Hughes, Roger M. Hughes, Kimble R. Cook and Nancy L. Sandifer for Petitioner.

No appearance for Respondent.

Farella Braun & Martel, B. Scott Douglass, Anthony D. Giles, Bridget K. Kaman; Silvano B. Marchesi, County Counsel, and David F. Schmidt, Deputy County Counsel, for Real Party in Interest.

OPINION

**POLLAK, J.**—In this writ proceeding we consider the validity of a contractual venue selection clause that purports to waive a party's right to transfer to a neutral county an action brought by a county against a resident of another county. A construction contract between petitioner Arntz Builders (Arntz) and real party in interest County of Contra Costa (County) provides that any action arising out of the contract would be brought in Contra Costa County, and expressly waives Arntz's right to remove the action to a neutral venue under section 394 of the Code of Civil Procedure.[1] Despite authority holding contractual venue selection provisions to be void, County contends, and the superior court held, that the clause is valid because the contractually selected venue is one of several statutorily permissible counties for the filing of such an action. We conclude that the contractual provision purporting to

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

waive Arntz's right to transfer the action to a neutral county is nonetheless invalid. Accordingly, we shall issue a writ of mandate directing the trial court to transfer the action to a neutral county.

## FACTUAL AND PROCEDURAL BACKGROUND

Arntz entered into a $26.8 million contract with County to construct an addition to its juvenile hall. The contract contains a venue selection clause providing that any litigation involving the "contract or relating to the work shall be brought in Contra Costa County." In addition, Arntz expressly "waive[d] the removal provisions of Code of Civil Procedure Section 394." County subsequently terminated the contract and filed an action for its breach against Arntz in Contra Costa County Superior Court.

Arntz filed a timely motion to change venue under sections 394 and 397. Arntz, a general partnership with its principal place of business in Marin County, asserted that section 394 requires the court, upon motion by either party, to transfer the action to a neutral county.[2] Alternatively, Arntz sought relief under section 397, subdivision (b), which gives the trial court discretion to transfer an action when there is reason to believe that an impartial trial cannot be had in the county in which venue is laid.

The trial court denied the motion, reasoning that contractual venue selection clauses are valid except to the extent they purport to fix venue in a location other than that allowed by section 395, the general venue provision for civil actions. The court concluded that *General Acceptance Corp. v. Robinson* (1929) 207 Cal. 285 [277 P. 1039] (*General Acceptance*) and *Alexander v. Superior Court* (2003) 114 Cal.App.4th 723 [8 Cal.Rptr.3d 111] (*Alexander*), both of which held contractual venue selection provisions to be void, "are not controlling, as those cases hold only that contractual venue selection clauses which purport to fix venue in a location other than that allowed by CCP § 395, [are] void and unenforceable. . . . [¶] In contrast, the

---

[2] Section 394, subdivision (a) provides in relevant part as follows: "Except for [certain actions initiated by a local child support agency under the Family Code], any action or proceeding brought by a county, city and county, city, or local agency within a certain county, or city and county, against a resident of another county, city and county, or city, or a corporation doing business in the latter, shall be, on motion of either party, transferred for trial to a county, or city and county, other than the plaintiff, if the plaintiff is a county, or city and county, and other than that in which the plaintiff is situated, if the plaintiff is a city, or a local agency, and other than that in which the defendant resides, or is doing business, or is situated." The subdivision goes on to provide, inter alia, "When the action or proceeding is one in which a jury is not of right, or in case a jury is waived, then in lieu of transferring the cause, the court in the original county may request the chairperson of the Judicial Council to assign a disinterested judge from a neutral county to hear that cause and all proceedings in connection therewith."

contractual provision in this case, waiving CCP § 394, does not purport to fix venue in a location other than that allowed by the [L]egislature. CCP § 394 is a removal statute and an exception to CCP § 395. [Citation.] There are cases holding that the provisions of CCP § 394 may be waived, albeit in the context of failure to timely assert a right of removal. [Citations.] [¶] ARNTZ has not presented any case law or statutory authority prohibiting voluntary contractual waiver of CCP § 394 venue removal. There is no showing that the contractual provision at issue is either unconscionable, or contrary to public policy." The trial court's order does not address the alternative basis for the change of venue motion, section 397.

Arntz filed a timely petition for a writ of mandate in this court, challenging the trial court's denial of its motion for change of venue. (§ 400.) We stayed all proceedings in the trial court and issued an order to show cause.

DISCUSSION

■ The issue before us is whether to give effect to a contractual provision waiving the right of a party to transfer to a neutral county an action by a city, county, or local public agency against a nonresident defendant. Because the issue involves a pure question of law, our review is de novo. (*Kennedy/Jenks Consultants, Inc. v. Superior Court* (2000) 80 Cal.App.4th 948, 959–960 [95 Cal.Rptr.2d 817].)

■ Over 70 years ago, in *General Acceptance*, our Supreme Court held that contractual venue selection clauses are void. (*General Acceptance, supra*, 207 Cal. at p. 289.) The plaintiff in *General Acceptance* filed a breach of contract action in San Francisco, which was designated in the contract as the venue for any action arising out of the contract. (*Id.* at p. 286.) The defendant moved to change venue to Alameda County, where the defendant resided. (*Ibid.*) Under the version of section 395 then in effect, the defendant's residence was the only proper venue. (See *Alexander, supra*, 114 Cal.App.4th at p. 728.) The Supreme Court affirmed an order granting the motion to change venue. (*General Acceptance, supra*, 207 Cal. at p. 289.) In assessing the validity of venue selection clauses, the Supreme Court adopted the reasoning of the Massachusetts Supreme Judicial Court as follows: " 'The rules to determine in what courts and counties actions may be brought are fixed upon consideration of general convenience and expediency by general law; to allow them to be changed by the agreement of the parties would disturb the symmetry of the law, and interfere with such convenience. Such contracts might be induced by considerations tending to bring the administration of justice into disrepute.' " (*Ibid.*)

■ After *General Acceptance*, the validity of venue selection clauses does not appear to have been addressed in a reported California decision until

the Court of Appeal for the Sixth Appellate District confronted the issue last year in *Alexander*. *Alexander* involved a contractual dispute between private parties, in which the governing contract contained an express stipulation that venue would be in Santa Clara County, where the plaintiff's headquarters were located. (*Alexander, supra,* 114 Cal.App.4th at pp. 725–726.) Plaintiff filed suit in Santa Clara County and, in opposing the defendants' motion for a change of venue, relied in part on the contractual provision setting venue in that county. (*Id.* at p. 726.) The plaintiff argued that intervening case law had effectively overruled *General Acceptance*—specifically, that the Supreme Court had expressly rejected its holding in *Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491 [131 Cal.Rptr. 374, 551 P.2d 1206] (*Smith*). In *Smith,* the court held that forum selection clauses are not per se invalid. (*Id.* at pp. 495–496.) The *Alexander* court disagreed that *Smith* overruled *General Acceptance,* concluding that *General Acceptance* is still good law, and remanded the action for the trial court to determine whether venue was properly laid in Santa Clara County under section 395. (*Alexander, supra,* 114 Cal.App.4th at p. 732.)

The court in *Alexander* distinguished between *forum* selection clauses and *venue* selection clauses. Forum is a place of jurisdiction, in contrast to venue, which is the place where the case will be heard and "from which the jury will be selected." (*Alexander, supra,* 114 Cal.App.4th at p. 727.) "Under state law therefore a venue selection clause is purely an intrastate issue involving the selection of a county in which to hold the trial. By contrast, a forum selection clause usually chooses a court from among different states or nations." (*Ibid.,* fn. omitted.) The court noted that one of the grounds for the holding in *General Acceptance* is that "venue selection clauses disrupt the Legislature's statutory venue scheme." (*Alexander, supra,* at p. 728.) By contrast, forum selection clauses, as the court in *Smith* acknowledged, " 'violate no such carefully conceived statutory patterns.' " (*Alexander, supra,* at p. 731, quoting *Smith, supra,* 17 Cal.3d at p. 495.) "The concern with selecting venue is that parties will disrupt the statutory scheme and bring the administration of justice into disrepute in order to have their cause heard where they believe it will be received most sympathetically. But it is not for the parties or the courts to set venue. That is the role of the Legislature." (*Alexander, supra,* at p. 731.) The court concluded that *"General Acceptance* held that to the extent a venue selection clause disrupts statutory venue provisions it is void as against the legislatively declared public policy fixing the place for trial. Nothing in *Smith* affects that holding. We recognize that no case before or after *Smith* has relied upon *General Acceptance* to strike down a venue selection clause. By the same token, we are not aware of any case in

this state that has held such a clause to be enforceable. *General Acceptance* has survived this 74-year gap in the law and we are bound to follow it."[3] (*Alexander, supra*, at pp. 731–732.)

Here, County does not challenge the holding in *Alexander* or ask that we reconsider the continuing validity of *General Acceptance*. Instead, County seeks to limit the holdings in those cases, arguing that *General Acceptance* and *Alexander* establish only that a venue selection clause is void if it fixes venue in a county other than one in which venue is proper under the general venue statute (§ 395). According to County, nothing in *General Acceptance* or *Alexander* suggests that parties may not stipulate in advance as to which of several statutorily permissible venues will be the place for any subsequent litigation. *Alexander* assertedly made this clear when it concluded that "[s]ince the venue statutes themselves declare the public policy of this state with respect to the proper court for an action, agreements fixing venue in some location other than that allowed by statute are a violation of that policy." (*Alexander, supra,* 114 Cal.App.4th at p. 731.) Because Contra Costa County is one of several counties in which an action founded upon its contract with Arntz may be brought,[4] County contends that the venue selection clause must be given effect.

■ We need not decide whether this qualification of *General Acceptance* has any validity with respect to an action between private parties in which proper venue is governed solely by section 395.[5] Acknowledging that under

---

[3] Other jurisdictions in which agreements fixing venue are void for public policy reasons have taken the same approach as the *Alexander* court in distinguishing between forum selection clauses and venue selection clauses. (See *Regency Mall Associates v. G.W.'s Restaurant, Inc.* (1994) 213 Ga.App. 225 [444 S.E.2d 572]; *Bristol-Myers Squibb Co. v. Goldston* (Tex.App. 1997) 957 S.W.2d 671, 674.)

[4] In an action arising out of a contract, section 395, subdivision (a) provides: "Except as otherwise provided by law and subject to the power of the court to transfer actions or proceedings as provided in this title," venue is proper in (1) the county where the contract is to be performed; (2) the county where the parties entered into the contract; or (3) the county where any defendant resides at the commencement of the action. There is no disagreement that Contra Costa County is the county in which this contract was to be performed and thus was a proper county in which to file this action.

[5] The contention that venue selection clauses are valid if they designate a county authorized by section 395 would seem to be at odds with the decision in *Alexander*, since the Court of Appeal determined that the contractual venue selection provision in that case was void without determining whether Santa Clara County, where the action was filed, was a proper county for the action under section 395. (*Alexander, supra,* 114 Cal.App.4th at p. 732.) Nonetheless, there is some logic to the contention that the parties should be able to agree among statutorily permissible counties. This contention was not raised directly in *Alexander* because the action was filed in the county specified in the contractual provision; under the remand from the Court of Appeal, the motion to change venue presumably will be denied if that county is a proper county under section 395. The issue will require definitive resolution when an action is brought in a county that is a permissible place for trial under section 395 but is not the county specified

section 395 this action was properly *filed* in Contra Costa County, the issue that is presented here is the validity of the contractual agreement to waive Arntz's right under section 394 to transfer the action to a neutral county. As relevant here, section 394, subdivision (a) provides that, except for certain actions brought under the Family Code, any action brought by a county within that county against a resident of another county "shall be, on motion of either party, transferred for trial to a county, other than that in which the defendant resides . . . ."[6] (See also fn. 2, *ante*.) The statute is couched in mandatory language, requiring the trial court to transfer an action to a neutral county upon timely application. (See *Delgado v. Superior Court* (1977) 74 Cal.App.3d 560, 563 [141 Cal.Rptr. 528].)

The purpose of this provision "is to guard against local bias that may exist in favor of litigants within a county as against those from without the county, and to ensure that both parties have a trial on neutral territory." (*Kennedy/Jenks Consultants, Inc., supra,* 80 Cal.App.4th at pp. 953–954.) There is no need for a party seeking transfer to demonstrate actual prejudice because the statute "is designed to obviate the appearance of prejudice as well as actual prejudice or bias." (*City of Alameda v. Superior Court* (1974) 42 Cal.App.3d 312, 317 [116 Cal.Rptr. 806].) "[A]s the statute is remedial in its purpose, it should receive a liberal construction which will promote rather than frustrate the policy behind the law." (*Westinghouse Electric Corp. v. Superior Court* (1976) 17 Cal.3d 259, 266 [131 Cal.Rptr. 231, 551 P.2d 847].)

■ Section 394 has been described as an exception to the general venue rules of section 395. (*County of Orange v. Superior Court* (1999) 73 Cal.App.4th 1189, 1191 [86 Cal.Rptr.2d 923].) Section 394 also has been characterized as a "removal statute" rather than a "venue statute" because it does not control *original* venue. (*County of San Bernardino v. Superior Court* (1994) 30 Cal.App.4th 378, 384–385 [35 Cal.Rptr.2d 760].) A county or other local agency must file an action against a nonresident defendant in a venue that is otherwise proper under the general venue rules. If that venue is in the county suing the nonresident defendant (or within which the local agency is located), upon timely application of the nonresident defendant the court must designate a neutral county to which the action will be transferred. (See *id.* at p. 389.) This statutory framework prevents a county or local agency that files suit against a nonresident defendant from unilaterally selecting the neutral county that is most satisfactory to it. (*Ibid.*)

---

in the contract and the opposing party moves to change venue to the county specified in the contract which is also a statutorily permissible county for trial under section 395.

[6] Alternatively, in cases in which there is no right to a jury or a jury is waived, the trial court may request that the chairperson of Judicial Council assign a disinterested judge from a neutral county to hear the cause. (§ 394, subd. (a).)

■ Whether section 394 is characterized as an exception to general venue rules or as a removal statute, it is plainly part of the "statutory venue scheme." (See *Alexander, supra,* 114 Cal.App.4th at p. 728.) Both sections 394 and 395 are among the numerous provisions in chapter 1, title 4 of part II of the Code of Civil Procedure dealing with the place of trial. While *General Acceptance* and *Alexander* addressed venue selection clauses potentially at odds with section 395, nothing in either decision limits their application to provisions that contravene only that section. *Alexander* pointed out that *Smith* "did not affect [*General Acceptance*'s] holding that *venue selection clauses are invalid.*" (*Alexander, supra,* at p. 729, italics added.) Section 394 is every bit as much a part of the statutory venue scheme as is section 395. Indeed, section 395 applies only "except as otherwise provided by law" and section 394 is not similarly qualified, so that section 395 is expressly subject to the qualification contained in section 394. Section 394 is the dominant provision and section 395 is the subordinate provision. (*Central Contra Costa Sanitary Dist. v. Superior Court* (1978) 84 Cal.App.3d 702, 705 [148 Cal.Rptr. 801]; *Delgado v. Superior Court, supra,* 74 Cal.App.3d at p. 564.)

■ County argues that section 394 may be waived, citing several cases in which the removal right granted by section 394 was held to have been waived by failing to seek a timely transfer after the action had been filed. (See *Newman v. County of Sonoma* (1961) 56 Cal.2d 625, 628 [15 Cal.Rptr. 914, 364 P.2d 850]; *Ventura Unified School District v. Superior Court* (2001) 92 Cal.App.4th 811, 815 [112 Cal.Rptr.2d 260]; *Delgado v. Superior Court, supra,* 74 Cal.App.3d at p. 563; *Adams v. Superior Court* (1964) 226 Cal.App.2d 365, 368–369 [38 Cal.Rptr. 164].) The argument proves far too much. The right of a party to obtain a change of venue on the ground that an action has not been brought in the proper court under any venue provision, including section 395, may be lost if the motion for such relief is not timely presented. (§ 396b, subd. (a); *Hennigan v. Boren* (1966) 243 Cal.App.2d 810, 816 [52 Cal.Rptr. 748].) Despite the fact that a party may waive the right to transfer an action from an improper venue by failing to file a timely motion after the action has been instituted, a contractual provision entered before the action has been filed designating an improper venue is nonetheless against public policy and void. (*General Acceptance, supra,* 207 Cal. at p. 289; *Alexander, supra,* 114 Cal.App.4th at pp. 731–732.) The fact that the removal provisions of section 394 similarly may be waived by delay, therefore, does not mean that these provisions may be waived by an agreement entered before the filing of the action.

■ Citing federal case law, County points out that the right to remove a case from state court to federal court may be waived by express agreement. (See *Pelleport Investors v. Budco Quality Theatres* (9th Cir. 1984) 741 F.2d 273, 280.) County argues that the right to remove a case to federal court is no less important than the right to transfer under section 394, so that waiver of

the benefit of section 394 should be equally permissible. The comparison fails, however, because the federal case cited by County involves a forum selection clause, not a venue selection clause. (*Pelleport Investors v. Budco Quality Theatres*, *supra*, at p. 280.) As the court explained in *Alexander*, the concerns underlying venue selection clauses differ from those underlying forum selection clauses. (*Alexander*, *supra*, 114 Cal.App.4th at pp. 731–732.)

County argues that another sentence deep within subdivision (a) of section 394 contemplates that the parties may stipulate in writing to the place of trial. That sentence reads: "In that action or proceeding, the parties thereto may, by stipulation in writing, or made in open court, and entered in the minutes, agree upon any county, or city and county, for the place of trial thereof." (*Ibid.*) In context, this provision of section 394 appears to relate solely to the immediately preceding sentence, which establishes proper venue for personal injury actions against local agencies for injuries occurring within the county. Moreover, even if the sentence were interpreted to apply to all actions described in section 394, it would not validate the clause in County's contract. The sentence merely permits the parties to enter a written stipulation "[i]n that action." It does not authorize contractual venue selection clauses entered before an action has been filed.

 To support its conclusion that the benefits of section 394 may be waived contractually, the trial court relied in part on subdivision (c) of section 395, which provides explicitly that a contract waiving the venue requirements of section 395, subdivision (b), is void and unenforceable. There is no similar explicit provision in section 394, so that under the maxim *expressio unius est exclusio alterius*—the expression of one thing is the exclusion of another[7] —the trial court apparently reasoned that the Legislature's express statement that one set of venue rules cannot be contractually waived implies that other venue statutes may be waived by agreement. However, there is nothing in section 395 that expressly prohibits contractual waiver of the general venue provisions of subdivision (a). Nonetheless, this absence did not preclude the invalidation of venue selection provisions that contravened section 395, subdivision (a) in *General Acceptance* and *Alexander*. There is nothing to indicate that the Legislature intended to abrogate the general rule against contractual venue selection clauses when it enacted the more specific prohibition relating to certain consumer actions now found in subdivision (c) of section 395. (See Stats. 1972, ch. 1117, § 2, p. 2131.) The maxim *expressio unius est exclusio alterius* is not a "magical incantation, nor does it refer to an immutable rule." (*Estate of Banerjee* (1978) 21 Cal.3d 527, 539 [147 Cal.Rptr. 157, 580 P.2d 657].) One of its many exceptions is that the maxim will not be applied where doing so would run counter to a well-established principle of law. (*Id.* at p. 539, fn. 10.)

---

[7] See Black's Law Dictionary (7th ed. 1999) page 602, column 1.

Permitting a county to extract[8] an advance waiver of the right of a private party to have disputes with the county resolved in a neutral forum would be at odds with the fundamental principle that a party may not waive the benefits of a statute enacted primarily for a public purpose. Civil Code section 3513 provides: "Any one may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement." Under this principle, numerous contractual provisions purporting to waive statutory rights designed primarily to serve a public purpose have been invalidated. (E.g., *County of Riverside v. Superior Court* (2002) 27 Cal.4th 793, 804–806 [118 Cal.Rptr.2d 167, 42 P.3d 1034] [statutory rights of employees not subject to blanket waiver]; *DeBerard Properties, Ltd. v. Lim* (1999) 20 Cal.4th 659, 668–669 [85 Cal.Rptr.2d 292, 976 P.2d 843] [statutory prohibition against deficiency judgment cannot be waived by agreement]; *Covino v. Governing Board* (1977) 76 Cal.App.3d 314, 322 [142 Cal.Rptr. 812] [teacher's right to probationary status may not be waived]; *Cook v. King Manor and Convalescent Hospital* (1974) 40 Cal.App.3d 782, 792–793 [115 Cal.Rptr. 471] [statutory prohibition of penalty and forfeiture provisions cannot be waived]; *De Haviland v. Warner Bros. Pictures* (1944) 67 Cal.App.2d 225, 234–236 [153 P.2d 983] [statutory time limitation on personal service contracts "may not be contravened by private agreement"].)

This principle has been invoked in several cases invalidating contractual provisions relating to the arbitration of disputes that contravened statutory rights. (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 100–113 [99 Cal.Rptr.2d 745, 6 P.3d 669]; *Crowell v. Downey Community Hospital Foundation* (2002) 95 Cal.App.4th 730, 735–739 [115 Cal.Rptr.2d 810]; *Alternative Systems, Inc. v. Carey* (1998) 67 Cal.App.4th 1034, 1041–1044 [79 Cal.Rptr.2d 567].) Most recently, the Court of Appeal for the Third Appellate District, citing Civil Code section 3513 and relying on these cases, held that the right of a party to disqualify an arbitrator could not be overridden by the rules of the American Arbitration Association, to which the parties had agreed to be bound. (*Azteca Construction, Inc. v. ADR Consulting, Inc.* (2004) 121 Cal.App.4th 1156 [18 Cal.Rptr.3d 142].) The court observed that "the neutrality of the arbitrator is of such crucial importance that the Legislature cannot have intended that its regulation be delegable to the unfettered discretion of a private business. . . . Only by adherence to the [California Arbitration Act's] prophylactic remedies can the parties have confidence that neutrality has not taken a back seat to expediency. [¶] We conclude Azteca could not, by agreeing to submit to arbitration

---

[8] Arntz contends that its construction contract with County is a contract of adhesion. We need not and do not address that contention. Nonetheless, it is undoubtedly safe to assume that if the waiver provision in this case were held valid, similar provisions would be inserted in many other county and local agency contracts.

before the AAA, waive its statutory rights to disqualify an arbitrator under the methods set forth by the Act." (*Id.* at p. 1168, fn. omitted.)

The public importance of ensuring the complete impartiality, and public confidence in the impartiality, of the courts is hardly less compelling than is true for the system of arbitration. "The protective purpose of section 394 relates to the prejudice an 'outsider' might suffer because [county] taxpayers may fear their monetary interests are linked to the city, county, or city agency." (*Nguyen v. Superior Court* (1996) 49 Cal.App.4th 1781, 1789 [57 Cal.Rptr.2d 611]; see also *Westinghouse Electric Corp. v. Superior Court, supra,* 17 Cal.3d at p. 267; *Kennedy/Jenks Consultants, Inc., supra,* 80 Cal.App.4th at pp. 953–954; *Ohio Casualty Ins. Group v. Superior Court* (1994) 30 Cal.App.4th 444, 449 [35 Cal.Rptr.2d 771].) "As we have long held, the purpose underlying the mandatory change of venue provision in section 394 ' "is to guard against local prejudices which sometimes exist in favor of litigants within a county as against those from without and to secure to both parties to a suit a trial upon neutral grounds." ' " (*Garrett v. Superior Court* (1974) 11 Cal.3d 245, 248 [113 Cal.Rptr. 152, 520 P.2d 968].) Regardless of whether the danger of actual prejudice is sufficient to warrant transfer under section 397, section 394 "is designed to obviate the appearance of prejudice as well as actual prejudice or bias." (*City of Alameda v. Superior Court, supra,* 42 Cal.App.3d at p. 317.) Thus, the public purpose that underlies section 394 provides an additional and particularly compelling reason why the rights it confers cannot be waived by advance agreement of the parties. This consideration is over and above the more general legislative concern that parties not "disrupt the statutory [venue] scheme and bring the administration of justice into disrepute in order to have their cause heard where they believe it will be received most sympathetically." (*Alexander, supra,* 114 Cal.App.4th at p. 731.)

█ Because we conclude that the provision in the construction contract between Arntz and County purportedly waiving the benefits of section 394 is void, and because section 394 affords Arntz the right to transfer the action to a neutral county, we need not address whether transfer was required by section 397.

### DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate its order denying Arntz's motion for change of venue and to enter a new and different order granting Arntz's motion and directing transfer of the action to a neutral county pursuant to Code of Civil Procedure section 394.

The stay previously issued by this court shall be dissolved upon the issuance of the remittitur. Petitioner shall recover its costs in this writ proceeding.

McGuiness, P. J., concurred.

**PARRILLI, J.**—I concur. I write separately only to briefly note that the trial court's attempt to uphold the parties' freedom of contract was not unreasonable. Ordinarily, voluntary contractual waivers should be enforced by the courts. However, in this case the public policy underlying Code of Civil Procedure section 394—to avoid even the appearance of prejudice in the venue for litigation initiated by a local government—must take precedence over the parties' right to negotiate a convenient and efficient venue for litigating their contract disputes. Setting trial in a county which is itself a plaintiff, and from which the jury and the trial judge will be selected, is a scenario that might "bring the administration of justice into disrepute." This was the concern that led our Supreme Court to hold contractual venue selection clauses void. (*General Acceptance Corp. v. Robinson* (1929) 207 Cal. 285, 289 [277 P. 1039].) Thus, even though the venue specified in the parties' contract was proper under section 395 of the Code of Civil Procedure, the right of removal conferred by section 394 of the Code of Civil Procedure must be honored by the courts.