Filed 4/29/13

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| BATTAGLIA ENTERPRISES, INC., | D063076 |
| Petitioner, | |
| v. | (Super. Ct. No. 37-2012-00090552-CU-BC-CTL) |
| SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO, | |
| Respondent, | ORDER MODIFYING OPINION |
| YARD HOUSE USA, INC., et al., | [CHANGE IN JUDGMENT] |
| Real Parties in Interest. | |

THE COURT:

It is ordered that the opinion filed herein on April 11, 2013, be modified as follows:

On page 13, the last sentence of the opinion, under part IV., Disposition, is deleted in its entirety, and replaced with the following:

Parties are to bear their own costs on appeal.

This modification changes the judgment as to the award of costs only. In all other respects, the Disposition remains the same.

_____
HUFFMAN, Acting P. J.

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA



| | |
|---|---|
| BATTAGLIA ENTERPRISES, INC., | D063076 |
| Petitioner, | |
| v. | (Super. Ct. No. 37-2012-00090552-CU-BC-CTL) |
| SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent, | |
| YARD HOUSE USA, INC., et al., | |
| Real Parties in Interest. | |


Petition for writ of mandate from an order of the Superior Court of San Diego County, William S. Dato, Judge.  Petition denied.

Tatro and Zamoyski and Peter A. Zamoyski for Petitioner.

Jones Day, John Alexander Vogt and Edward San Chang for Real Parties in Interest.

# I.

## INTRODUCTION

Petitioner and plaintiff in the underlying action, Battaglia Enterprises, Inc. (Battaglia) filed suit against defendants Yard House USA, Inc., Yard House USA, LLC, and Yard House Restaurants, LLC (jointly "Yard House") in the Superior Court of San Diego County for breach of contract. Yard House moved to transfer the action to Orange County, citing a venue selection clause to which the parties had agreed in the contract giving rise to the suit. The trial court granted the motion.

Battaglia filed a petition for writ of mandate seeking relief from the trial court's order transferring the underlying action from the Superior Court of San Diego County to the Superior Court of Orange County. In its petition, Battaglia argues that the trial court erroneously gave effect to the parties' agreement concerning the place of venue for any action between them arising from their contract. Battaglia maintains that venue selection clauses are void, per se, under long-standing California Supreme Court precedent as set forth in *General Acceptance Corp. v. Robinson* (1929) 207 Cal. 285 (*General Acceptance*). We disagree with Battaglia's broad reading of *General Acceptance*, and conclude that the trial court properly granted Yard House's motion to transfer venue to Orange County.

2

FACTUAL AND PROCEDURAL BACKGROUND

A.     *Factual background*

Battaglia is a wholesale food distributor with its principal place of business in San Diego, California.  In 2006, Yard House contracted with Battaglia for Battaglia to supply food products to some of Yard House's restaurants.  In 2010, Battaglia and Yard House entered into a new "Master Foodservice Distribution Agreement" (the "2010 MFDA").

Under the 2010 MFDA, Yard House agreed to a minimum purchase volume of $15 million annually from Battaglia.

The 2010 MFDA contained a venue selection clause that provided in relevant part, that "any litigation related to or arising from this Agreement may be brought only in a state or federal court located within Orange County, CA and the parties consent to the jurisdiction of such court."

In mid-February 2011, Yard House sought to change some of the terms of the parties' agreement, including the guaranteed purchasing volume provision.  Apparently Yard House had been unhappy with Battaglia's performance under the 2010 MFDA.  On February 18, 2011, Yard House emailed a letter to Battaglia seeking to unilaterally terminate the 2010 MFDA more than a year before its scheduled March 31, 2012 termination date.

In mid-April 2011, Battaglia sent Yard House an invoice in the amount of $2,169,041.10.  According to Battaglia, "[t]he invoice amount represented the minimum

that Battaglia Enterprises would have been entitled to, based on the minimum $15 million purchase volume that Yard House was contractually obligated to pay to Battaglia Enterprises for the period through March 31, 2012, the scheduled termination date of the contract."  Yard House apparently did not pay the invoice.

B.      *Procedural background*

Battaglia filed a complaint against Yard House in San Diego County Superior Court on January 11, 2012, seeking damages for breach of contract.

Approximately three months later, Yard House filed a motion to transfer the venue to Orange County pursuant to the venue selection clause contained in the 2010 MFDA.

After the parties had fully briefed the matter, the trial court issued a tentative ruling in which it proposed to grant Yard House's motion.  The court then held a hearing on November 16, 2012.  At the conclusion of the hearing, the court affirmed its tentative ruling enforcing the venue selection clause, and ordered the case transferred from San Diego County to Orange County.

Battaglia filed a petition for a writ of mandate and request for stay with this court on December 10, 2012, challenging the trial court's order transferring the case to Orange County.[1]

---

[1]      Shortly before the date on which this case was scheduled for oral argument, the parties notified the court that they had settled their dispute, thus rendering the appeal moot as to the parties.  However, since this case raises issues " 'of continuing public importance,' we have elected to retain jurisdiction" in order to decide the issue presented. (*Los Angeles County Metropolitan Transportation Authority v. Alameda Produce Market,*

4

III.

DISCUSSION

Battaglia argues that the trial court erred in giving effect to the parties' venue selection clause in the 2010 MFDA. According to Battaglia, the Supreme Court's opinion in *General Acceptance, supra,* 207 Cal. at page 288 has rendered all contractual venue selection clauses void as contrary to public policy in California.

The parties apparently agree that the sole question at issue in this writ petition is a question of law, and that our review of the issue is therefore de novo. (*Alexander v. Superior Court* (2003) 114 Cal.App.4th 723, 726 (*Alexander*).)

The proper place for trial is fixed by statutory scheme. The defendant in this action is a corporation, and, as a result, Code of Civil Procedure[2] section 395.5 applies and supplies multiple possible venue options: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated . . . ." (*Ibid.*) Thus, under the legislative scheme, venue may be proper in more than one county, depending on the particular facts of a case.

Generally, when venue is proper in more than one county, a plaintiff has the choice of where to file the action from among the available options. (See *Sea World, Inc.*

_____

*LLC* (2011) 52 Cal.4th 1100, 1106, quoting *Lundquist v. Reusser* (1994) 7 Cal.4th 1193, 1202, fn. 8.)

[2] Further statutory references are to the Code of Civil Procedure unless otherwise specified.

5

*v. Superior Court* (1970) 13 Cal.App.3d 100, 103 [discussing disjunctive nature of former constitutional provision, now enacted as statute in § 395.5, giving plaintiff a choice of bringing an action in any county that will satisfy one of the available venue options].) There is a presumption that the county in which the plaintiff chose to file the action is the proper county. (*Bechtel Corp. v. Superior Court* (1951) 33 Cal.App.3d 405, 407, fn. 1, citing *Hearne v. De Young* (1896) 111 Cal. 373 and 2 Witkin, Cal. Procedure (2d. ed. 1970) Actions, § 522, p. 1342.) The burden rests on the party seeking a change of venue to defeat the plaintiff's presumptively correct choice of court. (*Buran Equip. Co. v. Superior Court* (1987) 190 Cal.App.3d 1662, 1666.)

The trial court found that San Diego County, where the plaintiff elected to sue Yard House, is one of the proper venues available for this lawsuit under section 395.5 because the contract was made in San Diego County. However, the trial court found that venue is also proper in Orange County under section 395.5 because Yard House's principal place of business is located there.

Under the general rules regarding where a case is to be tried when multiple venues are proper pursuant to the legislature's determination, the plaintiff's choice of venue in filing the lawsuit would prevail. In this case, however, the parties agreed in the 2010 MFDA that "any litigation related to or arising from this Agreement may be brought only in a state or federal court located within Orange County, CA." This provision, Yard House contends, should be enforced, and Battaglia's choice of venue in San Diego

6

County must give way to venue in Orange County, as provided in the parties' negotiated agreement.

Battaglia argues that venue selection clauses in contracts are "unenforceable and void as against public policy," based on the California Supreme Court's 1929 opinion in *General Acceptance*, *supra*, 207 Cal. at pages 288-289. *General Acceptance* involved a lawsuit in which the plaintiff brought the action in San Francisco County, and the defendant, an individual who was a resident of Alameda County, sought a transfer of venue to Alameda County. (*Id*. at p. 286.) The lawsuit arose out of a contract that included the following clause: " '[T]hat should suit be brought upon the contract or this assignment, that the trial of said action be in the City and County of San Francisco, State of California.' " (*Ibid*.) The trial court granted the defendant's motion to transfer the case to Alameda County. (*Id*. at p. 287.) The plaintiff appealed, arguing that the contractual venue selection clause required that the action be heard in San Francisco County. (*Ibid*.) The Supreme Court rejected this argument and affirmed the order transferring the case to Alameda County. (*Id*. at p. 289.)

Under the version of section 395[3] in effect in 1929, when *General Acceptance* was decided, there was only one proper county in which the lawsuit could have been filed, and that was the county of the defendant's residence. (See *Alexander, supra,* 114

---

[3] Although not significant for purposes of our discussion, both at the time of *General Acceptance* and presently, section 395 sets forth the general venue rules applicable when the defendant is an individual, as opposed to when the defendant is a corporation. In the latter case, section 395.5 applies.

Cal.App.4th at p. 728.) In assessing the validity of the venue selection clause before it, the Supreme Court adopted the reasoning of the Massachusetts Supreme Court, as follows: " 'The rules to determine in what courts and counties actions may be brought are fixed upon consideration of general convenience and expediency by general law; to allow them to be changed by the agreement of the parties would disturb the symmetry of the law, and interfere with such convenience. Such contracts might be induced by considerations tending to bring the administration of justice into disrepute.' " (*General Acceptance*, *supra*, 207 Cal. at p. 289, quoting *Nute v. Hamilton Ins. Co.* (1856) 72 Mass. 174, 184.) The court also noted with approval "the general statement that 'jurisdiction of the court is beyond the agreement of the parties.' [Citation.]" (*General Acceptance, supra*, 207 Cal. at p. 289.)

It is clear that the venue selection agreement at issue in *General Acceptance* attempted to set venue in a county that was *impermissible* under the statutory venue scheme. Contrary to Battaglia's insistence that *General Acceptance* stands for the broad proposition that all venue selection clauses are invalid in California, we conclude that the *General Acceptance* court's holding is that a venue selection clause that attempts to vest venue *in a county that is not proper under the legislative scheme* may not be given effect.[4] We reject Battaglia's interpretation of *General Acceptance* as making a broad

---

[4]    Indeed, the holding in *General Acceptance* is that "*the agreement between the parties to the contract* upon which this action was brought *was void*." (*General Acceptance*, *supra*, 207 Cal. at p. 289, italics added.) There is no broader pronouncement of a generalized rule in *General Acceptance*.

pronouncement regarding the validity of venue selection clauses generally; rather, the contract in that case, which attempted to set trial in a county that was improper under the legislative scheme, was void.

For 74 years, no California court relied on *General Acceptance* to invalidate a venue selection clause. It also appears, however, that no California court upheld a venue selection clause during this intervening time, either. (See *Alexander*, *supra*, 114 Cal.App.4th 723.)

In 2003, the court in *Alexander* relied on *General Acceptance* in granting the defendants' motion for a writ of mandate seeking to vacate a trial court's orders denying their requests to transfer venue to their county of residence, Fresno County. (*Alexander*, *supra*, 114 Cal.App.4th at pp. 726, 732.)[5] The plaintiff had filed the actions for breach of contract in Santa Clara County pursuant to a contractual venue selection clause that identified Santa Clara County as the place of proper venue under the contract. (*Id*. at p. 726.) Based solely on the venue selection clause in the contracts between the parties, the trial court had concluded that venue was proper in Santa Clara County, and denied the defendants' motions to change venue. (*Ibid*.)

The *Alexander* court explained that section 395 governed venue in those actions (as opposed to § 395.5, which applies here), and that the statute provides, with respect to actions based on a contract: " 'Subject to subdivision (b) [specifying venue in actions

---

[5]    The *Alexander* opinion dealt with two underlying cases, filed by the same plaintiff, against different defendants, pertaining to the same contract. (*Alexander*, *supra*, 114 Cal.App.4th at p. 725.)

involving sales to consumers], if a defendant has contracted to perform an obligation in a particular county, the superior court in the county where the obligation is to be performed, where the contract in fact was entered into, or where the defendant or any defendant resides at the commencement of the action is a proper court for the trial of an action founded on that obligation, and the county where the obligation is incurred is the county where it is to be performed, unless there is a special contract in writing to the contrary.' [Citation.]" (*Alexander*, *supra*, 114 Cal.App.4th at pp. 727.) In *Alexander*, the contracts had been entered into, and the obligations incurred, in Santa Clara County, and the contracts designated the place of performance as Santa Clara County. Thus, Santa Clara County was one of the possible venues for the case under the legislative scheme set forth in section 395.

The *Alexander* court considered the rationale underlying *General Acceptance*, and whether the Supreme Court's decision in *Smith, Valentino & Smith, Inc. v. Superior Court of Los Angeles County* (1976) 17 Cal.3d 491 (*Smith*), which held that *forum* selection clauses are not per se invalid, expressly rejected the holding in *General Acceptance*. Upon concluding that *Smith* merely distinguished *General Acceptance* and discredited its policy reasoning on points related to the distinction between forum selection clauses and venue selection clauses, the *Alexander* court determined that *General Acceptance* remains good law and that it was bound to follow its holding. (*Alexander*, *supra*, 114 Cal.App.4th at pp. 727-732.) The *Alexander* court described the holding in *General Acceptance* as follows: "To summarize, *General Acceptance* held that *to the extent a*

*venue selection clause disrupts statutory venue provisions* it is void as against the legislatively declared public policy fixing the place for trial." (*Alexander*, *supra*, at pp. 731-732, italics added.)

Despite having stated the holding of *General Acceptance* in these precise terms, and despite the fact that Santa Clara County was a proper venue under the statute, the *Alexander* court proceeded to conclude that "the trial court erred in determining that the contractual venue selection provision was dispositive of the question of venue" in the cases before it. (*Alexander*, *supra*, 114 Cal.App.4th at p. 732.) The court remanded the cases to the trial court for that court to "reconsider the motions to determine in each case whether under section 395 venue is proper in Santa Clara County." (*Alexander*, *supra*, at p. 732.)

We agree with the *Alexander* court to the extent that it expressed the holding of *General Acceptance* as standing for the proposition that a venue selection clause is void only insofar as it "disrupts statutory venue provisions." (*Alexander*, *supra*, 114 Cal.App.4th at p. 731.) As the *Alexander* court recognized, the policy considerations underlying the decision in *General Acceptance* involved a concern that "parties will disrupt the statutory scheme and bring the administration of justice into disrepute in order to have their cause heard where they believe it will be received most sympathetically." (*Ibid*.) The *Alexander* court went on to reason, "Since the venue statutes themselves declare the public policy of this state with respect to the proper court for an action,

11

agreements fixing venue *in some location other than that allowed by statute* are a

violation of that policy." (*Ibid.*)[6]

In this case, the parties' venue selection clause selects one of the statutorily

permissible counties under section 395.5. The venue selection clause at issue here does

not fix venue in a location other than that allowed by statute, and thus cannot reasonably

be deemed to disrupt the statutory venue scheme. The rationale underlying the *General*

*Acceptance* court's refusal to enforce the venue selection clause in that case does not

apply where there are multiple statutorily permissible counties in which a trial may be

had, and the parties have mutually agreed to bring an action in one of those statutorily

permissible counties. In such a circumstance, the parties have not agreed to confer

---

[6]    In *Alexander*, it appears that the parties selected a proper county for venue, under the legislative scheme. Yet the *Alexander* court did not suggest that the parties' agreed-upon choice should be given effect. To the extent that *Alexander* can be read to conclude that a court may never rely on a contractual venue selection clause to determine the proper venue for a particular action, we decline to follow it. We note, however, that the situation in *Alexander* did not require that court to definitively settle the question raised in this case, as acknowledged in footnote 5 in *Arntz Builders v. Superior Court* (2004) 122 Cal.App.4th 1195, 1202 (*Arntz Builders*). The *Arntz Builders* court recognized that the question whether parties should be able to contractually agree to fix venue in one of multiple statutorily permissible counties is a question that no court had yet addressed. The *Arntz Builders* court explained, "This contention was not raised directly in *Alexander* because the action was filed in the county specified in the contractual provision; under the remand from the Court of Appeal, the motion to change venue presumably will be denied if that county is a proper county under section 395. The issue will require definitive resolution when an action is brought in a county that is a permissible place for trial under section 395 but is not the county specified in the contract and the opposing party moves to change venue to the county specified in the contract which is also a statutorily permissible county for trial under section 395." (*Arntz Builders*, *supra*, at p. 1202, fn. 5.) The *Arntz Builders* court also expressed the following sentiment, with which we agree: "[T]here is some logic to the contention that the parties should be able to agree among statutorily permissible counties." (*Ibid.*)

jurisdiction on a court that the legislature has deemed improper under the statutory venue scheme. Rather, the parties have agreed to venue in a location that the Legislature has specifically stated is a permissible one, pursuant to the terms of section 395.5. Battaglia has not suggested any other persuasive public policy argument as to why we should not enforce a venue selection clause in a contract entered into freely and voluntarily by parties who have negotiated at arm's length, where the venue that the parties have selected is a permissible venue under the statutory scheme.

We conclude that where, as here, two sophisticated parties agree, pursuant to arm's length negotiations, to litigate an action in one of multiple statutorily permissible venues, they should be held to their agreement. The venue selection clause in the 2010 MFDA is thus valid and enforceable. The trial court's decision to transfer this case to the contractually agreed-upon (and statutorily satisfactory) venue was therefore proper.

IV.

DISPOSITION

The petition is denied. The stay issued on December 18, 2012 is vacated. Real parties in interest are entitled to costs in this proceeding.

13

AARON, J.

WE CONCUR:

HUFFMAN, Acting P. J.

O'ROURKE, J.

14