Filed 6/26/25; certified for publication 7/22/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ASHLEY TIDRICK,<br><br>  Plaintiff and Appellant,<br><br>      v.<br><br>FCA US LLC,<br><br>  Defendant and Respondent. | G063186<br><br>(Super. Ct. No. 30-2021-01188037)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Glenn R. Salter, Judge. Reversed and remanded with directions. Request for Judicial Notice. Granted.

JDP, Jeff Dominic Price; Consumer Law Experts, Jordan G. Cohen, for Plaintiff and Appellant.

Horvitz & Levy, John A. Taylor, Jr., Melissa B. Whalen; Clark Hill and Erin E. Hanson, for Defendant and Respondent.

Plaintiff Tidrick filed a lawsuit alleging problems with a motor vehicle she purchased in Fresno County from defendant FCA US LLC (FCA). The parties eventually reached a settlement agreement, which included attorney fees and costs, pursuant to the Song-Beverly Consumer Warranty Act (Song-Beverly Act), Civil Code section 1790 et seq. Tidrick sought an award of attorney fees and costs in a total amount of $82,719.33, consisting of $74,275 in attorney fees and $8,444.33 in costs. The trial court awarded Tidrick a total of $15,000 in fees and costs, a reduction of 82.9 percent.

Tidrick appeals from the trial court's award. We conclude the court erred in applying hourly attorney rates prevailing in Fresno County and abused its discretion by failing to properly apply the lodestar method and to specify the amount of costs. We therefore reverse the court's award of attorney fees and costs and remand with directions to recalculate Tidrick's award.

FACTS

Tidrick alleged she brought the vehicle she purchased from FCA to its repair facilities six times in approximately 10 months for transmission issues. Tidrick subsequently contacted FCA and requested it comply with its obligations under the Song-Beverly Act to repurchase the vehicle, but it declined to do so.

A. *Litigation*

Tidrick filed a complaint against FCA in Orange County Superior Court, the judicial district in which FCA maintains its principal place of business, alleging violations of various provisions of the Song-Beverly Act. FCA's counsel sent an email to Tidrick's counsel, offering to "make restitution of the actual price paid or payable for [Tidrick's] vehicle and to pay any additional expenses incurred pursuant to Civil Code section 1793.2(d)(2)(B),

less an offset for use pursuant to Civil Code section 1793.2(d)(2)(C)." FCA also agreed to pay Tidrick's "reasonable [attorney] fees and costs." Tidrick declined the settlement offer.

More than a year later, FCA agreed to repurchase Tidrick's vehicle and pay full restitution plus a civil penalty amounting to 1.58 times the restitution price. FCA also agreed to pay attorney fees and costs pursuant to a noticed motion. The parties' settlement agreement was memorialized in a confidential written agreement in which FCA agreed Tidrick would be deemed the prevailing party for purposes of the fee motion.

B. *Motion for Attorney Fees and Costs*

Tidrick filed a motion for fees and costs, seeking a total of $82,719.33, comprised of $74,275 in attorney fees and $8,444.33 in costs. Tidrick's request for attorney fees was based on a lodestar calculation of 173 hours at hourly rates of $415–$500 per hour, the prevailing hourly rate in Orange County.

In support of the motion, Tidrick attached a declaration of counsel, which included a summary of the litigation history, sworn statements regarding counsel's litigation experience, prior orders awarding attorney fees in Song-Beverly Act litigation in Los Angeles, Orange, and San Bernardino counties, a survey report of consumer and bankruptcy attorneys, billing records, and a memorandum of costs. The declaration also stated FCA had agreed to resolve Tidrick's action "in principle for full restitution and civil penalties amounting to a 1.58-time multiplier."

FCA filed an opposition to the fee motion, arguing the hourly attorney rate should be capped at $443 per hour for partners and $308 per hour for associates. FCA concluded Tidrick's attorney fees amounted to $50,494.80 based on these hourly rates, but argued the amount should be

3

further reduced to $34,358.90. FCA did not argue venue was improper in Orange County or that the attorney fees should be awarded based upon prevailing hourly rates in Fresno County. FCA also did not challenge Tidrick's request for $8,444.33 in costs.

The trial court ordered additional briefing regarding whether venue was proper in Fresno County and if so, whether Fresno County hourly rates should apply to Tidrick's attorney fee request. Tidrick's counsel filed a supplemental declaration which argued venue was proper in Orange County because FCA's principal place of business was there and therefore local attorney rates applied.

The trial court ordered Tidrick to file a copy of the parties' settlement agreement and invited the parties to file a second supplemental brief addressing *Smart v. Ford Motor Company* (Jan. 21, 2020, CO87422), an unpublished opinion of the Third District Court of Appeal, which noted hourly attorney rates in Fresno County for Song-Beverly Act litigation. The court ordered notice be given to FCA and for FCA to give notice to the other party. FCA's counsel later admitted she failed to serve the order on Tidrick's counsel. Neither party filed supplemental briefing or declarations in response to this order and did not provide a copy of the settlement agreement to the court.

## C. Trial Court's Ruling

After hearing argument on Tidrick's motion, the trial court awarded Tidrick a total of $15,000 in attorney fees and costs, a reduction of 82.9 percent from the requested award of $82,719.33.

The trial court found "as a matter of law" that it "must award attorney fees based on the prevailing hourly rate for consumer attorneys in Fresno County" because Tidrick "is and always has been a resident of Fresno

4

County, the vehicle was purchased in Fresno County, and the vehicle was serviced in Fresno and Kings Counties."

The trial court acknowledged it was "unaware of any specific venue provisions in the Song-Beverly Consumer Warranty Act." However, the court concluded Fresno County was the proper venue for Tidrick's action based on Code of Civil Procedure section 395, subdivision (b),[1] which provides for venue either where the consumer resides or where the consumer good was purchased. The court concluded "it must use the prevailing hourly rates for consumer attorneys handling [Song-Beverly Act] cases in Fresno County." Relying on *Smart* as "evidence" for determining hourly attorney rates in Fresno County, the court concluded rates of $350 per hour for partners, $225 per hour for associates, and $110 per hour for paralegals were "reasonable."

The trial court "accept[ed] that the 173 hours of attorney time claimed were based on time actually expended." However, the court found such hours were not "'reasonably incurred'" for the following reasons: (1) because the parties failed to provide a copy of the settlement agreement to the court, it was "possible . . . . [it] violate[d] the public policy of the [S]tate of California" and therefore the court "would be within its discretion to deny an award of any attorney fees to the buyer"; (2) Tidrick's failure to accept FCA's "repurchase offer under Code of Civil Procedure section 998," lead to two years of litigation, which was "unreasonable on its face"; (3) the number of attorney hours billed seemed unreasonable for a "simpl[e] [Song-Beverly Act] case that should have been resolved quickly"; and (4) the court had "no competent or compelling evidence as to whether the final settlement was

_____

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

5

better than what the defendant initially offered" because the parties failed to provide the court with a copy of the settlement agreement.

The trial court neither specified how many of the 173 hours claimed by Tidrick's counsel were "reasonably incurred" nor what hourly rate applied to any of the allowable hours. The court also did not directly address Tidrick's request for $8,444.33 in costs. In awarding Tidrick a total of $15,000, the court did not specify how much of the award was attributable to attorney fees and how much to costs.

DISCUSSION

I.

LEGAL STANDARD

A. *Applicable Law*

The Song-Beverly Act is "'manifestly a remedial measure, intended for the protection of the consumer.'" (*Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 990 (*Murillo*).) A prevailing buyer in an action under the Song-Beverly Act "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Civ. Code, § 1794, subd. (d).) In enacting this provision, the "Legislature has provided injured consumers strong encouragement to seek legal redress in a situation in which a lawsuit might not otherwise have been economically feasible." (*Murillo*, at p. 994.)

B. *Standard of Review*

"'We review an award of attorney fees under [the Song-Beverly Act] for abuse of discretion. [Citations.] We presume the trial court's attorney

6

fees award is correct, and "[w]hen the trial court substantially reduces a fee or cost request, we infer the court has determined the request was inflated." [Citation.] "The "'experienced trial judge is the best judge of the value of professional services rendered in his [or her] court, and while his [or her] judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.""""" (*Goglin v. BMW of North America, LLC* (2016) 4 Cal.App.5th 462, 470–471 (*Goglin*).) This standard of review applies to a trial court's application of correct legal standards to the circumstances of a specific case. (*569 E. County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 434 (*569 E. County*).)

The trial court's discretion is "'subject to the limitations of legal principles governing the subject of its action . . . .'" (*Etcheson v. FCA US LLC* (2018) 30 Cal.App.5th 831, 841 (*Etcheson*).) "[T]he determination of whether the trial court *selected* the proper legal standards in making its fee determination is reviewed de novo [citation] and, although the trial court has broad authority in determining the amount of reasonable legal fees, the award can be reversed for an abuse of discretion when it employed the wrong legal standard in making its determination." (*569 E. County*, *supra*, 6 Cal.App.5th at p. 434.) When the record affirmatively demonstrates the court's discretionary determination of fees depended on factual findings unsupported by the evidence, "the matter must be reversed with instructions to redetermine the award." (*Etcheson*, at p. 841.)

II.

THE TRIAL COURT ERRED IN APPLYING FRESNO COUNTY ATTORNEY RATES

We agree with Tidrick the trial court erred in finding "as a matter of law" that hourly attorney rates prevailing in Fresno County applied

7

to her fee request based upon the court's conclusion section 395, subdivision (b) mandated venue in Fresno County. We review de novo the court's decision. (*Wohlgemuth v. Caterpillar Inc.* (2012) 207 Cal.App.4th 1252, 1258 [applying de novo review when entitlement to attorney fees and costs depends on interpretation of a statute].)

Section 395, subdivision (b) provides that a consumer action "arising from an offer or provision of goods [or] services" is proper "where the buyer or lessee in fact signed the contract, where the buyer or lessee resided at the time the contract was entered into, or where the buyer or lessee resides at the commencement of the action." However, the trial court failed to cite, and we have been unable to locate, any authority making the venue provisions of section 395, subdivision (b) mandatory in Song-Beverly Act cases.[2]

Because Code of Civil Procedure section 395, subdivision (b) is not mandatory, generally applicable venue rules apply. Code of Civil Procedure section 395.5 specifies where venue may be had in a case, such as this one, where a party to the action is a corporation: "A corporation may be sued in the county where a contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." A foreign

---

[2] The authority cited by FCA does not convince us otherwise. In *Fontaine v. Superior Court* (2009) 175 Cal.App.4th 830, the court applied section 395, subdivision (b) to an action brought under the Rosenthal Fair Debt Collection Practices Act (Civ. Code, § 1788 et seq.), not the Song-Beverly Act; and *Dow AgroSciences LLC v. Superior Court* (2017) 16 Cal.App.5th 1067, addressed section 392, subdivision (a), a different venue statute.

corporation may obtain a county residence under Corporations Code section 2105, subdivision (a)(4), which allows it to designate its principal office within the state, thus granting a county of residence for venue purposes.

Here, FCA is a foreign corporation with its principal place of business in Newport Beach, California.[3] Thus, pursuant to section 395.5, venue was proper either in Fresno County, where the contract was made and the alleged breach occurred, or in Orange County, where FCA maintains its principal place of business in California.

Generally, "when venue is proper in more than one county, a plaintiff has the choice of where to file the action from among the available options." (*Battaglia Enterprises, Inc. v. Superior Court* (2013) 215 Cal.App.4th 309, 313.) There is a presumption the county in which the plaintiff chose to file is correct and the burden rests on the party seeking a change of venue to defeat this presumption. (*Id.* at pp. 313–314.) FCA failed to challenge Tidrick's choice of venue in Orange County and therefore waived any alleged defect. (§ 396b; *Hennigan v. Boren* (1966) 243 Cal.App.2d 810, 816.)

Because venue was proper in Orange County, the trial court should have applied local hourly attorney rates. "The reasonable hourly rate is that prevailing in the community for similar work." (*PLCM Group, Inc. v.*

---

[3] On May 3, 2024, Tidrick filed a motion for judicial notice of statements of information FCA filed with the California Secretary of State. A court may take judicial notice of "[o]fficial acts of the legislative, executive, and judicial departments of the United States and of any state of the United States." (Evid. Code, § 452, subd. (c).) Accordingly, the motion for judicial notice is granted.

*Drexler* (2000) 22 Cal.4th 1084, 1095 (*PLCM*). The relevant "community" is generally based on where the services are rendered, i.e., where the court is located. (*Nichols v. City of Taft* (2007) 155 Cal.App.4th 1233, 1242–1243.) Accordingly, the reasonable hourly rate in this case is that charged by consumer attorneys practicing in the local legal community in Orange County.

Although a "trial court may deviate" from this established default rule, to do so must be "justified by the circumstances." (*Altavion, Inc. v. Konica Minolta Systems Laboratory, Inc.* (2014) 226 Cal.App.4th 26, 72.) Here, as discussed above, the trial court's justification for awarding attorney fees was its erroneous conclusion venue was mandatory in Fresno County pursuant to section 395. Its deviation from the default rule was not justified by the circumstances. Accordingly, upon remand, we direct the court to apply the local hourly rates for consumer attorneys in Orange County.

III.

THE COURT ABUSED ITS DISCRETION IN CALCULATING TIDRICK'S ATTORNEY FEES AND COSTS

*A. Failure to Apply the Lodestar Method*

We conclude the trial court abused its discretion in failing to apply the lodestar method when calculating Tidrick's attorney fees.

Determining a reasonable attorney fee award in Song-Beverly Act cases "'ordinarily begins with the "lodestar," [which is] the number of hours reasonably expended multiplied by the reasonable hourly rate.'" (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1134.) The lodestar may "then be adjusted based on factors specific to the case, in order to fix the fee at the fair market value of the legal services provided." (*Warren v. Kia Motors America, Inc.* (2018) 30 Cal.App.5th 24, 36 (*Warren*).) The lodestar method "anchors

10

the trial court's analysis to an objective determination of the value of the attorney's services," and thus ensures the amount awarded is not arbitrary. (*PLCM*, s*upra*, 22 Cal.4th at p. 1095.)

The Song-Beverly Act's attorney fee provision "'requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended, and the monetary charge being made for the time expended are reasonable. These circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill exhibited, and the results achieved. If the time expended or the monetary charge being made for the time expended are not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount. A prevailing buyer has the burden of "showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'"'" (*Goglin, supra*, 4 Cal.App.5th at p. 470 [citing Civ. Code § 1794(d)].)

The trial court failed to properly apply the lodestar method in evaluating Tidrick's fee request because it did not multiply the number of reasonably expended hours by the reasonable prevailing hourly rate. Tidrick sought compensation for 173 hours of attorney time at hourly rates between $415–$500 per hour, based on local Orange County attorney rates. The total amount of unadjusted lodestar attorney fees sought by Tidrick was $69,775. Tidrick requested an additional $4,500 in attorney fees for briefing and arguing the fee motion, for an overall total of $74,275.

However, the trial court neither identified the particular number of hours it concluded were reasonably expended nor specified what hourly rate applied to those hours, as required when applying the lodestar method.

11

Instead, the court awarded a total sum of $15,000 for *both* fees and costs, an 82.9 percent reduction from the amount requested.

"[W]hen a trial court applies a substantial negative multiplier to a presumptively accurate lodestar attorney fee amount, the court must clearly explain its case-specific reasons for the percentage reduction." (*Warren*, *supra*, 30 Cal.App.5th at p. 37 [trial court required to explain its decision to reduce lodestar amount of attorney fees by 33 percent]; *Morris v. Hyundai Motor America* (2019) 41 Cal.App.5th 24, 37 [trial court sufficiently explained its decision to reduce fee award where it found it was unreasonable to have 11 attorneys working on a simple matter, there were no discovery motions, and the attorney hourly rates were unreasonably high].)

Here, although the trial court generally criticized the amount of time spent on a "simple Song-Beverly Act case that should have been resolved quickly," it did not provide a case-specific reason for cutting any of Tidrick's attorney fees. (Compare *Mikhaeilpoor v. BMW of North America, LLC* (2020) 48 Cal.App.5th 240, 245–246 (*Mikhaeilpoor*) [upholding attorney fee award where court "'went through all the bills'" and calculated "amount of hours for a reasonably experienced attorney, in similar circumstances, to do the tasks that [plaintiff's trial counsel] claim to have done"].)

An award of attorney fees may be reversed "'"if the amount awarded is so large or small that [it] shocks the conscience and suggests that passion or prejudice influenced the determination."'" (*Mikhaeilpoor*, s*upra*, 48 Cal.App.5th at p. 246.) Here, the trial court's award of a total of $15,000 in both attorney fees and costs represented a reduction of 82.9 percent from the requested award of $82,719.33. Notably, if the court awarded the entire $8,444.33 in costs requested by Tidrick, the remaining $6,555.67 in attorney fees represents an 88 percent reduction, sufficiently large to "shock the

12

conscience," particularly where the court failed to articulate case-specific reasons for reducing Tidrick's attorney fees. (Compare *Snoeck v. ExakTime Innovations, Inc.* (2023) 96 Cal.App.5th 908, 928, 932 [court's reduction of attorney fees by 40 percent for attorney's persistent misrepresentations and incivility to opposing counsel did not "shock the conscience"].)

B.  *Failure to Address Amount of Costs*

Additionally, the trial court erred by failing to specify what part, if any, of its total award of $15,000 was attributable to costs. A notice of motion to strike or tax costs must be served and filed within 15 days after service of the bill of costs. (Cal. Rules of Court, rule 3.1700(b)(1).) FCA never challenged Tidrick's costs bill, thus waiving any objection. (*Douglas v. Willis* (1994) 27 Cal.App.4th 287, 290.)

Here, it is impossible to determine the amount of costs awarded because the trial court ordered a lump sum of $15,000 in both attorney fees and costs. We cannot assume the court awarded Tidrick her requested fees where its order is silent on the issue. (*McKenzie v. Ford Motor Co.* (2015) 238 Cal.App.4th 695, 708 [remanding to court to clarify whether its original award included costs].) We therefore remand to the court to clarify whether its original order awarded Tidrick any costs, and if it did not, to make a specific award of costs.[4]

---

[4]  Because we conclude the fee award must be reversed, we decline to address Tidrick's other contentions.

13

## DISPOSITION

The postjudgment order is reversed and the case is remanded to the trial court with directions to (1) award Tidrick reasonable attorney fees, determined by applying the lodestar method, including employing the prevailing hourly rate for consumer attorneys in Orange County; and (2) to clarify whether its original order awarded Tidrick her costs, and if it did not, to make an additional award of such costs. Tidrick is entitled to recover her costs on appeal.


DELANEY, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


GOODING, J.

14

Filed 7/22/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| ASHLEY TIDRICK,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>FCA US LLC,<br><br>    Defendant and Respondent. | G063186<br><br>(Super. Ct. No. 30-2021-01188037)<br><br>O R D E R |

Various requests have been made that our opinion, filed on June 26, 2025, be certified for publication. It appears that the opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.

The opinion is ordered published in the Official Reports.

DELANEY, J.

WE CONCUR:

SANCHEZ, ACTING P. J.

GOODING, J.